IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| -against- | ) | |
| | ) | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, | ) | |
| ROBERT H. LOCKE, JACKIE | ) | |
| ELLISON, MARCIA ELLISON, | ) | |
| CARY YOUPEE, RUPPLE K. PERRY, | ) | |
| THE STATE OF MICHIGAN, ALICE | ) | |
| SMOLKER, GARY SMOLKER, | ) | **Re:  Docket Nos. 467 and 469** |
| HOME SAVING TERMITE | ) | |
| CONTROL, GLORIA MUNOZ, | ) | |
| EXXON MOBILE CORPORATION | ) | |
| ET AL., AND JOHN DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**STATE OF MONTANA'S COUNTER STATEMENT
OF ISSUES TO BE PRESENTED ON APPEAL**

The State of Montana ("Montana"), a party in interest in the bankruptcy case and a party to the appeal herein, by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 8006, hereby files its Counter Statement of Issues to be presented to the United States District Court for the District of Delaware from the Amended Order Regarding Motions to Expand the Preliminary Injunction dated August 29, 2007 [Docket No. 466] (the "Order") and respectfully represents as follows:

WCSR 3738025v1

**Counter-Statement of Issues to be Presented on Appeal**

1.  Was the Order entered by the bankruptcy court to temporarily stay actions commenced against the State of Montana and/or BNSF that arise out of alleged exposure to asbestos indirectly or indirectly caused by the Debtors pending the bankruptcy court's ruling on the Injunction Motions and Motions to Amend, as defined in the Order, an interlocutory order?

2.  Should this Court dismiss the Libby Claimants' Appeal of an interlocutory order for lack of jurisdiction where they have failed to seek leave to appeal and a) there is no adverse impact on the assets of the estate; b) there would be a necessity for further findings on remand; c) the Order has no preclusive effect on the merits of further litigation; d) the stay of litigation furthers the interests of judicial economy; and e) a delay in the final resolution of the matter would not adversely affect the Debtors' ability to reorganize?

**THE REMAINDER OF THIS WAS INTENTIONALLY LEFT BLANK.**

WCSR 3738025v1

3.  Was the entry of the Order by the bankruptcy court not clearly erroneous where it was not intended to be a temporary restraining order and merely preserves the status quo pending the bankruptcy court's determination of the Injunction Motions and Motions to Amend, as defined in the Order, on the merits, especially where the stay is in the interest of the Debtors' estate and Montana and does not prejudice the rights of the Libby Claimants?

| | |
|---|---|
| Dated: September 20 2007 | Womble Carlyle Sandridge & Rice, PLLC |
| | ___/S/ Kevin Mangan_____<br>Francis A. Monaco, Jr. (#2078)<br>Kevin J. Mangan (#3810)<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801<br>(302) 252-4340 |
| | and |
| | Dale R. Cockrell, Esquire<br>Christensen, Moore, Cockrell, Cummings & Axelberg, P.C.<br>P.O. Box 7370<br>Kalispell, MT 59904<br>(406) 751-6003 |

WCSR 3738025v1