IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

## MOTION OF W. R. GRACE TO DISMISS APPEAL

Undeterred by this Court's previous dismissal of their appeal regarding the same issue,[1] the so-called "Libby Claimants" once again seek to appeal an interlocutory order from the Bankruptcy Court staying certain actions while the Bankruptcy Court considers the merits of the Debtors' request to expand a preliminary injunction. In dismissing the previous appeal, this Court rightly rejected each of the arguments the Libby Claimants now attempt to re-argue in support of their appeal. *First*, contrary to the Libby Claimants' assertion that this Court never addressed their section 1292 argument (Libby Claimants' Br. at 2), this Court specifically rejected the Libby Claimants' assertion that jurisdiction over this appeal is governed by 28

---

[1] See Memorandum and Order, *Libby Claimants v. W.R. Grace.*, Civ. No. 06-26 (D. Del. May 10, 2006). Reported as *W.R. Grace & Co. v. Libby Claimants (In re W.R. Grace & Co.)*, 2006 WL 1313190 (D. Del. 2006).

U.S.C. § 1292.[2] Section 1292 of the Judicial Code governs appeals from district courts to the courts of appeals, 28 U.S.C. § 158 governs appeals from bankruptcy courts to district courts. **Second**, this Court rejected the Libby Claimants' argument that a temporary stay is the equivalent of an injunction.[3] In any event, the Libby Claimants' argument misses the point: even if the Stay Order was characterized as an injunction rather than a stay, the Libby Claimants would still not have a right to appeal under 28 U.S.C. § 158(a).

Given this Court's previous dismissal of the Libby Claimants' appeal of the same issue for failure to meet the requirements of 28 U.S.C. § 158(a)(3), it is striking that they make no attempt to justify an appeal under that section. Rather, the Libby Claimants merely state the following in a footnote:

> To the extent that this Court determines that this appeal is from an interlocutory order that requires a motion for leave to appeal under 28 U.S.C. § 158(a), the Libby Claimants request that the Court deem the notice of appeal as a motion for leave to appeal pursuant to Fed.R.Bankr.P. 8003(c) and consider this appeal.

Libby Claimants' Br. at 2, n. 9. Again, the Libby Claimants have not even attempted to meet their burden of demonstrating cause for granting leave to appeal under 28 U.S.C. § 158(a)(3). The fact that a notice of appeal may be considered as a motion for leave to appeal does not relieve the Libby Claimants from meeting their burden of demonstrating cause for this Court to grant an appeal -- particularly when this Court has already denied such a request.

For the reasons discussed below and in this Court's May 10, 2006 order, the Stay Order is not "final" for purposes of appeal under 28 U.S.C. § 158, nor is it appropriately the subject of an interlocutory appeal. Accordingly, this Court should dismiss the Appeal.

---

[2]  See 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 12:1-9.

[3]  See id. at 4:17-5:13.

## BACKGROUND

On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the same day, the Debtors also filed an adversary complaint seeking to stay asbestos-related litigation against various affiliates of the Debtors and third parties (the "Affiliated Entities") whose purported asbestos liability was solely derivative of the Debtors' liability.[4]

A temporary restraining order was entered on the Petition Date enjoining the commencement or prosecution of asbestos actions against the Affiliated Entities. On May 3, 2001, the Bankruptcy Court issued a preliminary injunction barring the prosecution of currently pending actions against the Affiliated Entities. On January 22, 2002, the Court entered an order expanding the scope of the preliminary injunction to include certain additional Affiliated Entities and to reinstate the bar against commencement of new actions against Affiliated Entities arising from alleged exposure to asbestos whether indirectly or directly caused by the Debtors (the "Injunction").[5]

### A.    The 2006 Stay Order

The State of Montana has been named as a defendant in various separate actions involving the Debtors' Montana mining operations (the "Montana Actions"). On June 9, 2005, the State of Montana filed a motion seeking relief from the automatic stay in order to join the Debtors as third-party defendants in the Montana Actions (the "Lift Stay Motion").[6] The Lift

---

[4]  [Adv. Pro. D.I. 1]

[5]  [Adv. Pro. D.I. 87].

[6]  Motion of State of Montana for Relief from the Automatic Stay [Bank. Case D.I. 8582].

3

Stay Motion was opposed by the Debtors, the Asbestos Property Damage Committee, the Asbestos Personal Injury Committee, and the Unsecured Creditors' Committee.

On August 22, 2005, the Debtors filed a motion to expand the Injunction to include actions against the State (the "Montana Injunction Motion").[7] Concurrent with the Montana Injunction Motion, the Debtors filed a related motion for leave to file an amended complaint in the adversary proceeding, naming the plaintiffs in the Montana actions as defendants (the "Motion to Amend").[8]

On December 19, 2005, the Bankruptcy Court heard arguments on the Montana Injunction Motion, the Motion to Amend, and the Lift Stay Motion. At the conclusion of the hearing, the Bankruptcy Court indicated that it would take the Montana Injunction Motion and the Motion to Amend under advisement. The Bankruptcy Court also indicated that pending its ruling on the Montana Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors shall be temporarily stayed.

On January 17, 2006, the Bankruptcy Court memorialized its oral ruling by entering its Modified Order Regarding Debtors' Motion to Expand Its Preliminary Injunction to Include Actions Against the State of Montana (the "2006 Stay Order"), which provided the following:

> ORDERED that pending the Court's ruling on the Injunction Motion and the Motion to Amend, the Montana Actions and all other similar actions that have been or may be brought against the State that arise from alleged exposure to asbestos indirectly or directly caused by the Debtors shall be temporarily stayed, so as to preserve the status quo pending resolution.

---

[7] Debtors' Motion to Expand Its Preliminary Injunction to Include Actions Against the State of Montana [Adv. Pro. D.I. 359].

[8] Plaintiffs' Motion for Leave to Amend Complaint [Adv. Pro. D.I. 360].

> The court notes that I orally ordered a stay of discovery in the Montana suits until I can address the injunction on the merits. I did not (and was not asked to) enter a TRO.

[Adv. Pro. D.I. 376].

### B.    Libby Claimants' Appeal of the 2006 Stay Order

The Libby Claimants appealed the 2006 Stay Order to this Court, arguing (as they do yet again in this appeal) that the order was reviewable as a preliminary injunction under Section 1292(b)(2). Each of the Libby Claimants' jurisdictional arguments were rejected by this Court. First, this Court held that appeals from the bankruptcy court to the district court are governed by Section 158, not Section 1292:

> MR. LANDAU:  I do think that the first question before you really is, you know, what is your basis for hearing this appeal, and the other side has suggested that it's 1292, which is the basis --
>
> THE COURT:  No, I don't agree with that at all.
>
> MR. LANDAU:  Okay
>
> THE COURT:  So, you don't have to argue that.
>
> MR. LANDAU:  Okay.  Fair enough.
>
> THE COURT:  I don't read it --
>
> MR. LANDAU:  So, then we are really in the world of 158, and you do have authority under 158(a)(3) to hear -- to exercise jurisdiction over interlocutory [orders].
>
> THE COURT:  Yes.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 12:1-15. This Court further rejected the Libby Claimant's argument that a temporary stay is the equivalent of an injunction:

> MR. COHN:  That this appeal is properly before this Court.  What we are dealing with is an injunction.  The judge stayed all activity in the State Court litigation in Montana.  So, we are as dead out there as we would be if she gave us a piece of paper that was headed preliminary injunction.

5

> THE COURT: Yes, but it's really hard to call it an injunction. What it is is a stay, and it does create a problem for you, there is no doubt about that, and the basis for appealing it to me would be if I thought it was, you know, unduly burdensome to you in some way I would certainly listen to the arguments here and try to fashion a remedy.
>
> MR. COHN: I --
>
> THE COURT: But, I don't think it's a -- I don't think it's an injunction. So, that having been said, let's talk about the practicality in effect. She has put a stay on here, and hasn't set a date as to when this -- she is going to resolve the underlying issue --
>
> MR. COHN: Correct, Your Honor, and --
>
> THE COURT: -- in the underlying case.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 4:17-5:13.

Accordingly, this Court entered an order dismissing the Libby Claimants' appeal because it failed to meet the requirements for an interlocutory appeal under 28 U.S.C. § 158(a)(3):

> This Court believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case. However, the Court thinks the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance. Therefore, the Court exercises its jurisdiction under 28 U.S.C. § 158(a)(3) for the limited purpose of addressing the indefiniteness of the Bankruptcy Court's stay order. A time frame in which the Bankruptcy Court will render its decision on the Debtors' motion to expand the preliminary injunction to include actions against the State of Montana would be appropriate in light of the indefinite stay order presently in place. However, the Bankruptcy Court is, in the first instance, best suited to determine that time frame.

*In re W.R. Grace & Co.*, 2006 WL 1313190 (D. Del. May 10, 2006). However, this Court exercised its jurisdiction for the narrow purpose of directing the Bankruptcy Court to advise the parties as to when it expected to render a decision. *See id.* ("The matter is REMANDED to the Bankruptcy Court so that it can advise the parties of a specific date on or before which it expects to render its decision on Debtors' motion to expand the preliminary injunction.").

C. **The Current Stay Order**

On March 26, 2007, the Debtors filed a motion to expand the Injunction to include actions against Burlington Northern Santa Fe Railroad ("BNSF"). BNSF is another party in Montana against which the Libby Claimants are pursuing actions relating to the Debtors' Montana mining operations (the "BNSF Injunction Motion").[9] On April 26, 2007, the Bankruptcy Court issued a decision denying the Montana Injunction Motion.[10] The Debtors and the State of Montana subsequently filed motions for reconsideration (the "Reconsideration Motions").[11]

On May 21, 2007, the Court heard arguments on the BNSF Injunction Motion and the Reconsideration Motions (collectively, the "Injunction Motions"). As a result of those arguments, the Court took the Injunction Motions under advisement. The Bankruptcy Court indicated that while the Injunction Motions are under advisement, the status quo should be maintained and the temporary stay previously entered on January 17, 2006 should effectively be continued. On August 29, 2007, the Bankruptcy Court entered its Amended Order Regarding Motions to Expand Preliminary Injunction (the "Stay Order"), which provided the following:

> ORDERED that pending the Court's ruling on the Injunction Motions, all actions commenced against the State of Montana and/or BNSF that arise out of alleged exposure to asbestos indirectly or directly caused by the Debtors (the "Montana Actions"), shall be temporarily stayed pending the Court's ruling on the Injunction Motions

---

[9] Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF dated March 26, 2007 [Adv. Pro. 398].

[10] [Adv. Pro. D.I. 419]. Reported as *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 366 B.R. 295 (Bank. D. Del. 2007).

[11] *See* Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Adv. Pro. D.I. 427]; State of Montana's Motion for Reconsideration of Court's Opinion and order Denying Debtors' Motion for Expansion of Preliminary Injunction [Adv. Pro. D.I. 426].

7

[Adv. Pro. D.I. 466]. The Libby Claimants now appeal entry of the Stay Order temporarily enjoining them from prosecuting their tort claims against the State of Montana and BNSF while the Bankruptcy Court considers the Injunction Motions under advisement.

## ARGUMENT

### A.     This Appeal is Governed by 28 U.S.C. § 158

Once again, the Libby Claimants attempt to circumvent 28 U.S.C. § 158 by asserting that "[t]his Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1), which provides this Court with jurisdiction of appeals from interlocutory orders 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.'" Libby Claimants' Br. at 2. And yet again, the Libby Claimants' jurisdictional analysis is flawed from the outset. In relevant statutory text not quoted by the Libby Claimants, 28 U.S.C. § 1292(a)(1) grants "the courts of appeals" jurisdiction over certain appeals from "[i]nterlocutory orders of the district courts of the United States." That is the beginning and the end of the matter: this Court, even when sitting in an appellate capacity in bankruptcy, is not one of the "courts of appeals," and the Bankruptcy Court is not one of the "district courts of the United States."

Contrary to the Libby Claimants' assertion, this Court's jurisdiction over this appeal is governed not by 28 U.S.C. § 1292, but instead by 28 U.S.C. § 158. *See* 28 U.S.C. § 158(a).[12] Tellingly, § 158(a) does not contain a provision analogous to § 1292(a)(1), which grants the

---

[12] *See generally Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by § 158," except when taken from a district court to a court of appeals, in which case § 1292 also applies); *In re Resorts Int'l, Inc.,* 372 F.3d 154, 160 (3d Cir. 2004) ("The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158. We [the court of appeals] have jurisdiction under 28 U.S.C. § 1292(b)."); *Landon v. Hunt,* 977 F.2d 829, 830 (3d Cir. 1992) ("The district court jurisdiction is from 28 U.S.C. § 158(a). Our [court of appeals] jurisdiction is from 28 U.S.C. § 158(d), and 28 U.S.C. §§ 1291 and 1292."); *In re Pruitt,* 910 F.2d 1160, 1164 (3d Cir. 1990) ("Appeals from orders of a bankruptcy judge are governed by 28 U.S.C. § 158(a).")

courts of appeals jurisdiction over interlocutory appeals from district court orders granting injunctions. Rather, with the exception of appeals from interlocutory orders under § 1121(d)—not applicable here—§ 158(a) grants district courts jurisdiction over interlocutory orders of the bankruptcy courts *only* "with leave of the [district] court." *See, e.g., In re Enron Corp.,* 316 B.R. 767, 770 (S.D.N.Y. 2004) ("This Court may not consider this appeal unless [1] the order being appealed from is final or [2] the Court grants leave to appeal an interlocutory order."). In other words, there is *no* appeal as of right to the district court under § 158(a) from a bankruptcy court order granting an injunction, whereas there is an appeal as of right to the court of appeals under § 1292(a)(1) from a district court order granting an injunction.[13]

Rather than attempt to meet the requirements for an appeal under 28 U.S.C. § 158(a), the Libby Claimants argue at length that the Bankruptcy Court's temporary stay order is the functional equivalent of an injunction. *See* Libby Claimants' Br. at 1-2, 12-16. As this Court has held, such a stay order is not an injunction.[14] Moreover, the Libby Claimants' argument misses the point. Even if the Stay Order were characterized as an "injunction" rather than a "stay," the Libby Claimants still would not have an appeal as of right to this Court under § 158(a). As in previous briefs, the Libby Claimants base their contrary position entirely on two cases: (1) *In re Professional Ins. Mgmt.,* 285 F.3d 268 (3d Cir. 2002), and (2) *In re Reliance Acceptance Group, Inc.,* 235 B.R. 548, 553 (D. Del 1999). Neither case provides any basis for this Court to ignore the plain language of the relevant statutes.

---

[13] *See, e.g., In re Kassover,* 343 F.3d 91, 95 (2d Cir. 2003) ("Congress has expressly vested discretion in district courts to decline to hear [an] appeal" from a bankruptcy court order granting an injunction); *In re Quigley Co.,* 323 B.R. 70, 76-79 (S.D.N.Y. 2005) (denying leave to appeal an injunction under § 158(a)(3)).

[14] *See* 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 4:17-5:13.

The Third Circuit in *Professional Insurance* held that a bankruptcy court turnover order is final and hence appealable as of right. *See* 285 F.3d at 280-82. In a footnote, the court then stated that "the District Court, sitting as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)." *Id.* at 282 n.16. Because the Court had already concluded that the order was final, that statement is manifestly *dicta*, and unsupported *dicta* at that: the Third Circuit provided no authority for its startling and anti-textual suggestion that 28 U.S.C. § 1292(a) independently governs appeals from bankruptcy courts to district courts. Under settled Third Circuit law, of course, such unexamined *dicta* is not controlling.[15] Indeed, to follow the *dicta* from the footnote in *Professional Insurance* would be to reject the long line of Third Circuit cases, noted above, recognizing that appeals from the bankruptcy court to the district court are governed by § 158(a), while bankruptcy appeals from the district court to the court of appeals are governed by §§ 158(d), 1291, and 1292.

The Delaware District Court in *Reliance Acceptance*, for its part, began by acknowledging that "28 U.S.C. § 158(a) governs the [district] court's jurisdiction to review orders of the bankruptcy court." 235 B.R. at 553. The court then cited § 158(c)(2), which provides that "[a]n appeal under subsection (a) ... of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." The latter provision, the court suggested, implicitly incorporates § 1292(a) into § 158, apparently on the theory that the "manner" of taking an appeal from the district court

---

[15] *See, e.g., Patel v. Sun Co.,* 141 F.3d 447, 462 n.11 (3d Cir. 1998) ("*As dictum*, there are many reasons why we should not give it weight here: (1) it may not have been as fully considered as it would have been if it were essential to the outcome; (2) sloughing it off in a new opinion will not affect the analytic structure of the original opinion; and (3) the *dictum* may lack refinement because it was not honed through the fires of an adversary presentation:").

to the court of appeals includes the *grounds* for taking such an appeal. That suggestion, for which the court provided no support, is meritless. The "manner" for taking an appeal refers to the *procedures* for taking an appeal, not the grounds for taking an appeal. Were the law otherwise, then § 158(a) would be superfluous because the bankruptcy statute would simply incorporate wholesale the grounds for appealability set forth in 28 U.S.C. §§ 1291 and 1292.

For this reason, district courts look to 28 U.S.C. § 1292(b) for *guidance* in deciding whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). *See, e.g., Enron*, 316 B.R. at 771; *In re Delaware & Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989). Needless to say, such "guidance" would be unnecessary if § 1292 by its own terms independently governed appeals from the bankruptcy court to the district court. "It would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right simply because Section 1292 treats interlocutory injunctions differently from other interlocutory orders." *Quigley*, 323 B.R. at 76-77. Indeed, where a district court declines, in the exercise of its discretion, to hear an appeal of a bankruptcy court order granting or denying an injunction, that decision is not appealable to the court of appeals. *See, e.g., Kassover*, 343 F.3d at 93-96.

B.   **There Is No Basis To Grant Appeal of This Interlocutory Order**

The Libby Claimants do not even try to argue that the Bankruptcy Court's order "temporarily" stay[ing]" their state-court actions while it decides whether to enjoin those actions is either (1) a "final judgment[], order[], [or] decree[]," 28 U.S.C. 158(a)(1), or (2) worthy of an interlocutory appeal "with leave of the court," 28 U.S.C. § 158(a)(3).

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from "final judgments, orders and decrees" of bankruptcy courts. An order is considered "final" when it resolves the issues before the court leaving no related issues for later determination.[16] As this Court recognized in its order dismissing the Libby Claimants' attempt to appeal the 2006 Stay Order, the Stay Order is interlocutory. *See In re W.R. Grace & Co.*, 2006 WL 1313190 (D. Del. 2006) ("The Court believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case."). The Stay Order did not resolve any issues before the Bankruptcy Court because it serves the limited purpose of preserving the status quo while the Bankruptcy Court considers the Injunction Motions. The Third Circuit repeatedly has held such stay orders normally are not final appealable orders because they merely delay proceedings in the suit.[17]

Although the Stay Order is interlocutory and not appealable under 28 U.S.C. § 158(a)(1), § 158(a)(3) provides district courts with the discretion to grant parties leave to appeal from "interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). Parties seeking to appeal an interlocutory order under 28 U.S.C. § 158(a) must obtain leave of the district court. The Libby Claimants have failed to request leave to appeal the Stay Order. Despite being aware that this Court dismissed their appeal of the same issue, the Libby Claimants request that the Court treat their notice of appeal as a motion for leave to appeal pursuant to Fed.R.Bank.P. 8003(c). As in

---

[16] *See In re G-I Holdings, Inc.*, 318 B.R. 66, 73 (D. N.J. 2004) ("A decision in a bankruptcy matter is final when 'nothing remains for the [lower] court to do.'") (quoting *In re West Electronics Inc.*, 852 F.2d 79, 81 (3d Cir. 1988)); *In re Delaware and Hudson Ry. Co.*, 129 B.R. 388, 393 (D. Del. 1991) ("Generally, a final order is one which finally resolves a discrete set of issues, leaving no related issues for later determination.").

[17] *See, e.g., CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131 (3d Cir. 2004), *Marcus v. Township of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994); *Schall v. Joyce*, 885 F.2d 101, 104 (3d Cir. 1989); *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 735 (3d Cir. 1983); *see also Hoots v. Pennsylvania*, 587 F.2d 1340, 1346-47 (3d Cir. 1978) (noting that mere delay does not render an order final for purposes of appeal).

the prior appeal, the Libby Claimants make no attempt to demonstrate the requirements for leave to appeal. Accordingly, the appeal should be dismissed even if this Court were to consider the Libby Claimants' notice of appeal as a motion for leave to appeal.

In determining whether to grant leave to appeal an interlocutory order, courts within the Third Circuit employ the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the circuit courts of appeals.[18] A court entertains an appeal of an interlocutory order under § 1292(b) only when the appellant establishes *exceptional circumstances* justifying a departure from the basic policy of postponing review until after entry of a final judgment.[19] In addition to the requirement of demonstrating exceptional circumstance, under § 1292(b) an interlocutory appeal will be granted only when the order at issue: (a) involves a controlling question of law upon which there is (b) substantial grounds for difference of opinion, and (c) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Edison Bros. Stores, Inc.*, 1996 WL 363806, *3; *Delaware and Hudson Ry. Co.*, 96 B.R. at 472.

In the present case, the Appeal should be denied under 28 U.S.C. § 158 because the Libby Claimants have not -- and cannot -- demonstrate an exceptional circumstance for an appeal of the Stay Order, nor can they demonstrate the requirements of § 1292(b). *First*, the Stay Order

---

[18] *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806, *3 (D. Del. 1996)

[19] *See Id.* ("Although the concept of finality is accorded some measure of flexibility in the context of § 158(a)(1) appeals, apparently the same standard does not apply in the context of § 158(a)(3) interlocutory appeals. Thus, an appellant must establish that 'exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'") (quoting *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989)); *Dal-Tile Intern., Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 ( D. Del. 1996) ("Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that "exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.")

does not affect the merits of any actions -- it merely delays litigation pending the Bankruptcy Court's decision on the Injunction Motions. *Second,* because the Bankruptcy Court did not address the merits of the Injunction Motions, the appeal does not involve a controlling question of law for which there are substantial grounds for difference of opinion. Rather, the Bankruptcy Court simply gave itself some "breathing room" to decide the underlying issue without undue time pressure. As this Court has recognized, it is "entirely appropriate" for the Bankruptcy Court to issue such an order.[20] *Finally,* immediate appeal will not materially advance ultimate termination of the litigation because the merits of the Injunction Motions would still need to be decided even if the Libby Claimants prevailed on their Appeal. The Bankruptcy Court can be expected to rule on that underlying issue at any time and stated that it "will attempt to get an opinion out very promptly."[21] The Libby Claimants simply cannot establish that an immediate appeal of the temporary stay is either prudent or practical.

---

[20] 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 11:7-11.
[21] 7/23/07 Hr'g Tr.[Bank. Case D.I. 16445] at 98:1.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court dismiss the Appeal for lack of jurisdiction under 28 U.S.C. §158(a)(1) and decline to grant appeal of an interlocutory order under 28 U.S.C. §158(a)(3).

Dated: November 13, 2007

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> Salvatore F. Bianca
> 200 East Randolph Drive
> Chicago, Illinois 60601
> Telephone: (312) 861-2000
> Facsimile: (312) 861-2200
>
> - and -
>
> PACHULSKI, STANG, YOUNG & JONES
>
> /s/ *signature*
> _____
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> Timothy P. Cairns (Bar No. 4228)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:132791.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| ─────────────────────────── | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |
| ─────────────────────────── | ) | |

## CERTIFICATE OF SERVICE

I, Timothy P. Cairns, hereby certify that on the 13th day of November, 2007, I caused a copy of the following document to be served on the individuals on the attached service list in the manner indicated:

**MOTION OF W.R. GRACE TO DISMISS APPEAL**

_____
Timothy P. Cairns (Bar No. 4228)

91100-001\DOCS_DE:125703.86

W. R. Grace & Co. et al.
Appeal Service List
Case No. 07-cv-00609
Document Number: 132779
15 – Hand Delivery
14 – First Class Mail


(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801

*Hand Delivery*
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Maryland Casualty Company)
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Personal Injury Claimants)
Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, 3rd Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Property Damage Claimants)
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Equity Committee)
Teresa K. D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Libby Plaintiffs)
Adam G. Landis, Esquire
Kerri Mumford, Esquire
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE 19801

*Hand Delivery*
Ellen W. Slights
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

*Hand Delivery*
(Counsel to the State of Montana)
Francis A. Monaco, Jr., Esquire
Kevin Mangan, Esquire
Womble, Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
 Wilmington, DE  19801

*Hand Delivery*
(Counsel for BNSF Railway Company)
Evelyn Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE  19899

*Hand Delivery*
(Counsel for Royal Indemnity Company)
Ian Connor Bifferato, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19899

*Hand Delivery*
(Counsel to David T. Austern, Future Claimant's Representative)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*First Class Mail*
(Counsel to Libby Plaintiffs)
Jon L. Heberling, Esquire
John F. Lacey, Esquire
McGarvey, Heberling, Sullivan
& McGarvey, P.C.
745 South Main
Kalispell, MT  59904

*First Class Mail*
(Counsel to Debtors)
David M. Bernick, P.C.
Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*First Class Mail*
(Debtors)
Mark Shelnitz
W. R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

*First Class Mail*
(Counsel to Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
(Counsel to Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

*First Class Mail*
(Counsel to Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Equity Committee)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
(Counsel to Personal Injury Claimants)
Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889

*First Class Mail*
(Counsel to DIP Lender)
David S. Heller, Esquire
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606

*First Class Mail*
(Counsel to Libby Claimants)
Daniel C. Cohn, Esquire
Christopher M. Candon, Esquire
Cohn & Whitesell LLP
101 Arch Street
Boston, MA  02110

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706

*First Class Mail*
(Counsel for State of Montana)
Dale R. Cockrell, Esquire
Christensen, Moore, Cockrell, Cummings
& Azelberg, P.C.
P.O. Box 7370
Kalispell, MT  59903

*First Class Mail*
(Counsel to BNSF Railway Company)
Edward C. Toole, Jr., Esquire
Anne Marie Aaronson, Esquire
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103