IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| Libby Claimants, et al. , | ) | Appeal from United States Bankruptcy |
| | ) | Court for the District of Delaware |
| Appellants, | ) | |
| | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 (JKF) |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

**ANSWERING BRIEF OF THE STATE OF MONTANA**

Dated: November 13, 2007

WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801
(302) 252-4320
Counsel for the State of Montana

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ................................................................................................ iii

**FACTS AND STATEMENT OF THE CASE** ........................................................................ 1

**SUMMARY OF THE ARGUMENT** ..................................................................................... 4

**ARGUMENT** ........................................................................................................................... 5

    I.     AS THIS COURT HAS PREVIOUSLY RECOGNIZED, IT SHOULD NOT REVIEW THE INTERLOCUTORY ORDER FROM WHICH PLAINTIFFS APPEAL ................................. 5

    II.    IN ANY EVENT, THE BANKRUPTCY COURT HAS SUBJECT-MATTER JURISDICTION TO ENJOIN THE STATE LITIGATION AGAINST MONTANA ....................................... 5

**CONCLUSION** ........................................................................................................................ 9

# INDEX OF AUTHORITIES

**Cases**

Gerard v. W.R. Grace & Co., 115 Fed. Appx. 565 (3d Cir. 2004)..................................6, 7, 8, 9

In re Combustion Engineering, 391 F.3d 190 (3d Cir. 2004).......................................................6, 7

In re Federal-Mogul Global, Inc., 282 B.R. 301 (Bankr. D. Del. 2002) .........................................6

In re Intel Corp. Microprocessor Antitrust Litigation, 476 F.Supp.2d 452,
    455 (D. Del. 2007)......................................................................................................................9

Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984) ......................................................................6

**Statutes**

11 U.S.C. § 105(a)...........................................................................................................................5

28 U.S.C. § 1334 ........................................................................................................................6, 7

## FACTS AND STATEMENT OF THE CASE

On April 2, 2001, W.R. Grace & Co., Inc. and related companies ("Debtors") filed a petition for relief under Chapter 11 of the Bankruptcy Code. In re W.R. Grace, et. al., Chapter 11 Case No. 01-01139 (JFK). Debtors filed an adversary complaint concurrently with their petition, seeking, *inter alia*, a preliminary injunction barring certain plaintiffs ("Libby Claimants") from pursuing state-court actions Debtors seeking to recover for harm caused by exposure to asbestos as a result of Debtors' mining activities in Libby, Montana. [Adversary Case D.I. 359.] The bankruptcy court issued the Preliminary Injunction on May 3, 2001. [Id.]

On February 4, 2002, certain Libby Claimants sought to modify or clarify the Preliminary Injunction in order to pursue claims against Maryland Casualty Company ("MCC"), one of Debtors' insurers, for the same asbestos-related harm. [Adversary Case D.I. 86.] The bankruptcy court denied the motion, a decision later affirmed by the U.S. Circuit Court of Appeals for the Third Circuit. In re W.R. Grace & Co. (Gerard v. W. R. Grace & Co.), 115 Fed. Appx. 565 (3d Cir. 2004).

The Libby Claimants then brought similar claims for the same harm against Montana Vermiculite Company ("MVC"), the former owners of Debtors' mining operations. [Adversary Case D.I. 153.] The Court amended the Preliminary Injunction on February 25, 2005 to preclude actions against MVC. [Adversary Case D.I. 358.]

Meanwhile, the Libby Claimants also filed claims against the State of Montana ("Montana") in various Montana state courts (the "State Court Actions"), seeking recovery against Montana for that same harm caused by exposure to asbestos as a result of Debtors' mining activities in Libby, Montana.[1] [Adversary Case D.I. 363.] On June 9, 2005, Montana

---

[1] In their brief, the Libby Claimants erroneously state that they sued Montana "[p]rior to and after the Petition Date." Brief p. 7. In fact, they sued Montana only after Grace filed its Petition, presumably because they realized the

sought relief from the automatic stay in order to join Grace to the State Court Actions. [Bank. Case D.I. 8582.] Specifically, Montana sought to add Debtors as third-party defendants so that Montana could assert its claims for indemnification and contribution.

On August 22, 2005, Debtors filed a motion seeking to expand the Preliminary Injunction to include the State Court Actions against Montana. [Adversary Case D.I. 359.] The Libby Claimants filed an objection to the Injunction Motion [Adversary Case D.I. 363], to which the Official Committee of Unsecured Creditors joined [Adversary Case D.I. 359] and the State of Montana did not object unless the relief would affect certain of Montana's rights. [Adversary Case D.I. 362.]

On December 19, 2005, the bankruptcy court held a hearing on Debtors' Injunction Motion, after which, by oral order, it temporarily stayed the State Court Actions to preserve the status quo while it considered the complex underlying merits of whether to expand the Preliminary Injunction. The Libby Claimants appealed. [Adversary Case D.I. 373.] The bankruptcy court reiterated that it did not enter a T.R.O. and that it only stayed the actions to "preserve the status quo" pending is ruling on the merits. [Adversary Case D.I. 376.] This Court dismissed the appeal, ruling that it

> believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case. However, the Court thinks the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance. Therefore, the Court exercises its jurisdiction under 28 U.S.C. § 158(a)(3) for the limited purpose of addressing the indefiniteness of the Bankruptcy Court's stay order. A time frame in which the Bankruptcy Court will render its decision on the Debtors' motion to expand the preliminary injunction against the State of Montana would be appropriate in light of the indefinite stay

---

possible impediments to recovering from Grace, the proper defendant. The Libby Claimants also state that the litigation against Montana "proceeded uninterrupted by and without involvement of Grace until August 22, 2005, more than four years after Grace entered Chapter 11." Id. That is misleading: Grace had no need to get involved right away because a state trial court granted Montana's motion to dismiss on various grounds. Soon after the Montana Supreme Court reversed that dismissal a few years later, Grace moved to expand the injunction to cover the claims against Montana.

order presently in place. However, the Bankruptcy Court is, in the first instance, best suited to determine that time frame.

<u>Libby Claimants v. W.R. Grace.</u>, Civ. No. 06-26 (D. Del. May 10, 2006). The Court "REMANDED to the bankruptcy court so that it can advise the parties of a specific date on or before which it expects to render its decision on Debtors' motion to expand the preliminary injunction." <u>Id.</u>

On remand, the bankruptcy court's consideration of the Injunction Motion proceeded. The bankruptcy court ruled on April 16, 2007, denying the Injunction Motion. [Adversary Case D.I. 420.]

On April 26, 2007, Montana filed a motion for reconsideration and Debtors filed a motion to alter or amend the judgment. [Adversary Case D.I. 426-27.] On August 29, 2007, the bankruptcy court again temporarily stayed the State Court Actions to preserve the status quo while it considered the complex underlying merits of the motion for reconsideration and the motion to alter or amend the judgment. [Adversary Case D.I. 466.]

The Libby Claimants have appealed this temporary stay, even though this stay is no different than the last one, where this Court concluded that "the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case." Debtors have filed a Motion to Dismiss, in which Montana has joined.

## SUMMARY OF THE ARGUMENT

For all the reasons stated in Debtors' Motion to Dismiss, this Court lacks jurisdiction to hear this appeal. The order from which the Libby Claimants appealed is interlocutory and is neither a TRO nor a preliminary injunction – it is a temporary stay order to give the bankruptcy court "breathing room" in which to rule on the motion to reconsider and the motion to alter or amend judgment. Such an order is entirely proper, as this Court recognized earlier in finding that "the conditions necessary the Court to entertain this interlocutory appeal are not present in this case." At the most, this Court should remand for the bankruptcy court to provide a time frame for ruling on the motions or for a ruling on those motion within a certain time.

If this Court concludes that it should reach the merits of the appeal, it should follow already-established Third Circuit precedent from this very case and conclude that the bankruptcy court has subject-matter jurisdiction to enjoin the State Law Claims.

## ARGUMENT

I. AS THIS COURT HAS PREVIOUSLY RECOGNIZED, IT SHOULD NOT REVIEW THE INTERLOCUTORY ORDER FROM WHICH PLAINTIFFS APPEAL

For all the reasons stated in Debtors' Motion to Dismiss, this Court lacks jurisdiction to hear this appeal. The order from which the Libby Claimants appealed is interlocutory and is neither a TRO nor a preliminary injunction; it is a temporary stay order to give the bankruptcy court "breathing room" in which to rule on the motion to reconsider and the motion to alter or amend judgment. Such an order is entirely proper. Indeed, the oddity of the current appeal can be seen from the Libby Claimants' "merits argument": they argue, essentially, that this Court should *affirm* the bankruptcy court's order denying the Injunction Motion. The bankruptcy court ruled in their favor and then temporarily stayed that order pending its decision on the post-judgment motions, but now the Libby Claimants rush to appeal, raising an argument that sounds like – and, depending on how the bankruptcy court rules on the post-judgment motions, may be – an argument for affirmance. This appeal is not proper, as this Court recognized earlier in finding that "the conditions necessary the Court to entertain this interlocutory appeal are not present in this case." At the most, this Court should remand for the bankruptcy court to provide a time frame for ruling on the motions or for a ruling on those motion within a certain time.

II. IN ANY EVENT, THE BANKRUPTCY COURT HAS SUBJECT-MATTER JURISDICTION TO ENJOIN THE STATE LITIGATION AGAINST MONTANA

If the Court chooses to entertain the merits of the appeal, it should reverse the bankruptcy court's rejection of the Injunction Motion. The bankruptcy court entered the underlying injunction at issue pursuant to 11 U.S.C. § 105(a), which gives it the general power to issue any necessary injunctions. In denying the Injunction Motion, the bankruptcy court did not analyze whether enjoining the State Court Actions against Montana would be appropriate under section

105(a). Rather, it concluded that it lacked subject-matter jurisdiction to issue such an injunction. That conclusion was legal error.

Most importantly, the Third Circuit has already held, within this same adversary proceeding, that the bankruptcy court had jurisdiction to enjoin state court litigation against third-party defendants that have an indemnification claim against Grace. Gerard v. W.R. Grace & Co., 115 Fed. Appx. 565 (3d Cir. 2004). In Gerard, Debtors sought relief under section 105(a), requesting that state actions brought by the Libby Claimants against MCC based on MCC's alleged independent liability be enjoined. The bankruptcy court issued the injunction. The Libby Claimants appealed to this Court, arguing that the bankruptcy court lacked subject-matter jurisdiction under Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984) and In re Federal-Mogul Global, Inc., 282 B.R. 301 (Bankr. D. Del. 2002). This Court agreed, but the Third Circuit reversed, concluding that that the bankruptcy court had jurisdiction to issue the order, jurisdiction stemming from the bankruptcy court's previously-issued injunction that the Debtors themselves had requested. Gerard, 115 Fed. Appx. at 567-68. That is, the Court held that the bankruptcy court had subject-matter jurisdiction because Debtors sought expansion of a previously-existing injunction, distinguishing Pacor and Federal-Mogul as concerning whether the bankruptcy court could *remove and decide* pending state court litigation. Id.

Montana has always argued that Gerard controls. In their responses to this argument, the Libby Claimants have stressed In re Combustion Engineering, 391 F.3d 190 (3d Cir. 2004), arguing that it has overruled or weakened Gerard in requiring "related to" jurisdiction over the injunction pursuant to 28 U.S.C. § 1334, the general federal bankruptcy jurisdiction provision. This is incorrect. The Third Circuit had both Gerard and Combustion Engineering pending before it at the same time in 2004. Consequently, it sought from the parties to Gerard

clarification on whether the matter in that case was the same as the matter in <u>Combustion Engineering</u>. The Court concluded that the matters were not the same, drawing clear and specific distinctions between them. <u>Gerard</u> is good law.

Moreover, even if the Libby Plaintiffs (and the bankruptcy court in its ruling below) are correct that <u>Combustion Engineering</u> requires "related to" jurisdiction under 28 U.S.C. § 1334 before the Court can enjoin a non-core proceeding, the Third Circuit has already determined a specific instance of where there is such "related to" jurisdiction – in the situation presented by <u>Gerard</u>.[2] And if there is "related to" jurisdiction in <u>Gerard</u>, there is "related to" jurisdiction here.

The bankruptcy court in its order denying the Injunction Motion recognized the existence of "related to" jurisdiction over the previously-issued injunction covering MCC, which gave rise to <u>Gerard</u>. That is, the bankruptcy court correctly concluded that, even if <u>Combustion Engineering</u> requires "related to" jurisdiction, there was such jurisdiction over the injunction covering MCC. But the present case is indistinguishable. The Bankruptcy Court attempted to distinguish the injunction over MCC by stating that "MCC was a workers compensation insurer for Debtors and a ruling against MCC would have had a direct impact on the estate," but that does not distinguish <u>Gerard</u> because the Libby Claimants were not seeking to pursue MCC as the Debtors' insurer. Rather, they were seeking to pursue MCC for its own independent actions,

---

[2] The Third Circuit in <u>Gerard</u> at one point seemed to disavow the need to find "related to" jurisdiction. 115 Fed. Appx. at *567. Yet, in the next paragraph, the court held: "In addition to having been misdirected as to the issue before it, the District Court, in its jurisdictional analysis, was also misled as to the nature of the proceeding before the Bankruptcy Court. Clearly, the ruling on appeal to the District Court resulted from the adversary proceeding seeking injunctive relief initiated by the debtors in their own chapter 11 case. Thus, the proceeding was assuredly 'related to' the case, and, further, it definitely 'arose under' the bankruptcy proceeding (and was perhaps even a 'core' proceeding)." <u>Id.</u> at *567-68. Hence the court concluded that the injunction "related to" the bankruptcy. Indeed, the Libby Claimants have conceded as much in a brief. Opposition of Montana Plaintiffs to Motions Filed by Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana p. 4 ("The panel concluded that the order on appeal was "'related to' the case" because it resulted from an adversary proceeding seeking injunctive relief that Grace initiated."). [Adversary Case D.I. 442]   In any event, to the extent there is tension between <u>Combustion Engineering</u> and <u>Gerard</u>, <u>Gerard</u> should be read to be consistent with <u>Combustion Engineering</u> if at all possible, and that is surely possible here.

which is exactly what the Libby Claimants allege against Montana. In simplest terms, the Debtors face the same risk from the Libby Claimants suing Montana as they did from the Libby Claimants suing MCC; if found liable to the Libby Claimants, the State will be pursuing its contribution and indemnity claims now pending against Debtors. Indeed, Debtors have stated that Montana can be liable only if Debtors are liable: "The Debtors and the State share an identity of interest with respect to the Montana Actions. Underlying any claim against the State, is the question of whether the Debtors negligently exposed the Montana plaintiffs to asbestos." Debtors' Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana at 10 [Adversary Case D.I. 359]. So if there is "related to" jurisdiction over the MCC injunction, as the bankruptcy court and the Third Circuit in Gerard have held, there is "related to" jurisdiction here.

The Libby Claimants spend much time in their responses to Montana's Motion to Reconsider arguing that Gerard is distinguishable by its procedural posture. They claim that the Third Circuit in Gerard was discussing not subject-matter jurisdiction, but some other type of jurisdiction: "the relevant issue [was] whether the bankruptcy court [had] jurisdiction to consider the modification request rather than the underlying jurisdictional issue of whether the bankruptcy court had jurisdiction to enter the injunction in the first place." Opposition of Montana Plaintiffs to Motions Filed by Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana p.5. [Adversary Case D.I. 442] Aside from the fact that the wording of the opinion, particularly the discussion of "related to" jurisdiction, clearly indicates that the Court was considering whether there was subject-matter jurisdiction supporting the injunction itself,[3] it is axiomatic that

---

[3] "Clearly, the ruling on appeal to the District Court resulted from the adversary proceeding seeking injunctive relief initiated by the debtors in their own chapter 11 case. Thus, the proceeding was assuredly 'related to' the case, and,

courts must analyze *sua sponte* whether they have subject-matter jurisdiction. See, e.g., In re Intel Corp. Microprocessor Antitrust Litigation, 476 F.Supp.2d 452, 455 (D. Del. 2007). Consequently, to assume that the Court in Gerard did not consider whether subject-matter jurisdiction supported the injunction covering MCC is to assume that the Court, after the Libby Claimants explicitly attacked subject-matter jurisdiction on appeal, either disregarded the rule or decided to make no mention of jurisdiction. And that assumption makes no sense.

Gerard has decided the issue in this case. There is subject-matter jurisdiction for the injunction covering MCC, and there is subject-matter jurisdiction for an injunction covering Montana, whether "related to" jurisdiction is required or not.

## CONCLUSION

The Court should dismiss this ill-timed appeal, in which the appellant really seeks an affirmance. But if chooses to reach the merits, it should hold, as the Third Circuit already has, that subject-matter jurisdiction exists in this case.

Dated: November 13, 2007

Respectfully submitted,

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801
(302) 252-4320
Counsel for the State of Montana

---

further, it definitely 'arose under' the bankruptcy proceeding (and was perhaps even a 'core' proceeding). Thus, the issue of bankruptcy court jurisdiction to entertain the motion relating to the Injunction was in reality a non-issue." 115 Fed. Appx. at *567-68. Jurisdiction was a "non-issue," of course, because it clearly existed. As it does here.

## CERTIFICATE OF SERVICE

**I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that I caused service of the foregoing document to be made via hand delivery, electronic notice and U.S. Regular Mail on November 13, 2007 upon:**

**SEE ATTACHED SERVICE LIST**

Under penalty of perjury, I declare hat the foregoing is try and correct.


Dated: November 13, 2007                /s/ Heidi E. Sasso_____
                                        Heidi E. Sasso

-2-

**Hand Delivery**
**(Counsel for BNSF Railway Company)**
**Evelyn Meltzer, Esquire**
**Pepper Hamilton LLP**
**Hercules Plaza, Suite 5100**
**Wilmington, DE 19899**

**First Class Mail**
**(Counsel for BNSF Railway Company)**
**Edward C. Toole, Jr.**
**Anne Marie Aaronson**
**Thomas Spratt**
**Pepper Hamilton LLP**
**3000 Two Logan Square**
**18th & Arch Streets**
**Philadelphia, PA 19103**

**Hand Delivery**
**(Counsel to Debtors and Debtors in Possession)**
**Laura Davis Jones, Esquire**
**James E. O'Neill, Esquire**
**Pachulski Stang Ziehl Young Jones & Weintraub LLP**
**919 North Market Street, 17th Floor**
**Wilmington, DE 19801**

**Hand Delivery**
**(Counsel to Personal Injury Claimants)**
**Marla Eskin, Esquire**
**Campbell & Levine, LLC**
**800 N. King Street**
**#300**
**Wilmington, DE 19801**

**First Class Mail**
**(Counsel to Debtors)**
**David M. Bernick, P.C.**
**Janet S. Baer, Esquire**
**Kirkland & Ellis LLP**
**200 East Randolph Drive Chicago, IL 60601**

**First Class Mail**
**(Counsel to Personal Injury Claimants) Elihu Inselbuch, Esquire**
**Rita Tobin, Esquire**
**Caplin & Drysdale, Chartered**
**375 Park Avenue, 35th Floor**
**New York, NY 10152**

**First Class Mail**
**(Counsel to Equity Committee)**
**Peter Van N. Lockwood, Esquire**
**Julie W. Davis, Esquire**
**Trevor W. Swett, III, Esquire**
**Nathan D. finch, Esquire**
**Caplin & Drysdale, Chartered**
**One Thomas circle, N.W.**
**Washington, DC 20005**

**First Class Mail**
**(Counsel to Libby Plaintiffs)**
**Daniel C. Cohn, Esquire**
**Cohn Whitesell & Goldberg LLP**
**101 Arch Street**
**Boston, MA 02110**

**Kerri King Mumford**
**Landis Rath & Cobb LLP**
**919 Market Street, Suite 600**
**P.O. Box 2087**
**Wilmington, DE 19899**
**(302) 467-4400**
**Fax: (302)467-4450**

WCSR 3781196v1