## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| *Debtors.* | ) | United States District Judge |
| | ) | |
| MARGARET CHAKARIAN, *et al.*, | ) | |
| AND JOHN DOES 1-1000, | ) | |
| | ) | |
| *Appellants,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | |
| | ) | |
| *Appellees.* | ) | |
| | ) | |

On Appeal From The United States Bankruptcy Court
For The District of Delaware (Fitzgerald, J.)
Case No. 01-01139, Adversary No. A-01-771

### APPELLEES' BRIEF

David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Christopher Landau
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000

Laura Davis Jones
James E. O'Neill
PACHULSKI, STANG, ZIEHL & JONES LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899
(302) 652-4100

*Counsel for Appellees*

November 13, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

STATEMENT OF JURISDICTION ................................................................... 2

STATEMENT OF THE ISSUE ........................................................................... 2

STATEMENT OF THE CASE AND FACTUAL BACKGROUND ................. 2

ARGUMENT ....................................................................................................... 4

I.  The Temporary Stay Order Is Valid. ............................................................ 4

    A.  The Stay Order Is Not A Temporary Restraining Order, So The Time Limitation On Such Orders Does Not Apply. .................................... 4

    B.  There Is Nothing Improper About The Bankruptcy Court Allowing For "Breathing Room" To Preserve The Status Quo Pending The Resolution Of The Injunction Motions. .................................................. 6

II.  Even If The Stay Order Were Invalid, This Court Should Not Consider The Merits Of The Underlying Injunction Motions. ........................................... 8

    A.  This Court May Not "Review" An Order That Does Not Exist. ............... 8

    B.  If the Court Concludes that the Stay Order was Inappropriate, the Stay Should Still Be Left Intact Until The Bankruptcy Court Reviews the Matter. ..................................................................................... 9

CONCLUSION .................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,*
    878 F.2d 806 (5th Cir. 1989) .................................................................................. 10, 11

*Educational Testing Services v. Katzman,*
    793 F.2d 533 (3d Cir. 1986)......................................................................................... 10

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,*
    415 U.S. 423 (1974)........................................................................................................ 5

*Hoblock v. Albany County Bd. of Elections,*
    422 F.3d 77 (2d Cir. 2005)............................................................................................ 9

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,*
    174 F.3d 411 (4th Cir. 1999) ........................................................................................ 9

*In re Blutrich Herman & Miller,*
    227 B.R. 53 (Bank. S.D.N.Y. 1998) ............................................................................. 8

*In re Renaissance Stone Works, L.L.C.,*
    2007 WL 2428658 (Bankr. E.D. Mich. Aug. 28, 2007) ................................................ 8

*In re W. R. Grace & Co.,*
    2006 WL 1313190 (D. Del. May 10, 2006)................................................................... 6

*Inverness Corp. v. Whitehall Laboratories,*
    819 F.2d 48 (2d Cir. 1987)..................................................................................... 10, 11

*Meyer v. Lenox (In re Lenox),*
    902 F.2d 737 (9th Cir.1990) ......................................................................................... 7

*Ortho Pharm. Corp. v. Amgen, Inc.,*
    882 F.2d 806 (3d Cir. 1989)....................................................................................... 6, 7

*Polaroid Corp. v. Disney,*
    862 F.2d 987 (3d Cir. 1988)........................................................................................ 10

*Rolo v. General Dev. Corp.,*
    949 F.2d 695 (3d Cir. 1991)........................................................................................ 11

*Rosen v. Siegel,*
    106 F.3d 28 (2d Cir. 1997).......................................................................................... 10

Page(s)

*Singleton v. Wulff,*
428 U.S. 106 (1976) ........................................................................ 8

*Strozyk v. Norfolk Southern Corp.,*
358 F.3d 268 (3d Cir. 2004) .......................................................... 8

*TEC Eng'g Corp. v. Budget Molders Supply, Inc.,*
82 F.3d 542 (1st Cir. 1996) .......................................................... 11

*United States v. Cohen,*
152 F.3d 321 (4th Cir. 1998) .......................................................... 9

*United States v. Hovsepian,*
359 F.3d 1144 (9th Cir. 2004) ........................................................ 9

*United States v. Marine Shale Processors,*
81 F.3d 1329 (5th Cir. 1996) ........................................................ 10

*United States v. Microsoft Corp.,*
147 F.3d 935 (D.C. Cir. 1998) ...................................................... 10

*Viacom Inc. v. Ingram Enters. Inc.,*
141 F.3d 886 (8th Cir. 1998) .......................................................... 9

*W. R. Grace & Co. v. Chakarian (In re W. R. Grace & Co.),*
366 B.R. 295 (Bankr. D. Del. 2007) ............................................... 3

**Statutes**

11 U.S.C. § 105(a) ............................................................................ 8

28 U.S.C. § 1292(a) ........................................................................ 10

28 U.S.C. § 1292(a)(1) .............................................................. 2, 4, 5

28 U.S.C. § 158 ................................................................................ 2

28 U.S.C. § 158(a) ........................................................................ 5, 6

28 U.S.C. § 158(a)(3) ....................................................................... 6

**Other Authorities**

Wright, Charles Alan, *et al.,*
*Federal Practice & Procedure* (2d ed. 1995) ................................... 6

**Page(s)**

**Rules**

Fed. R. Bank. P. 9023 ........................................................................................................... 7

Fed. R. Civ. P. 59(e) ............................................................................................................ 7

Fed. R. Civ. P. 60(b) ............................................................................................................ 8

Fed. R. Civ. P. 65(b) ............................................................................................................ 6

## INTRODUCTION

The Libby Claimants again ask this Court, sitting in its appellate capacity in bankruptcy, to review the merits of motions currently under review by the Bankruptcy Court. However, even assuming that this Court has jurisdiction over this appeal (an assumption that, in Grace's view, is unwarranted), the appeal is limited to the propriety of an order the Bankruptcy Court *actually* entered: the August 29, 2007 order temporarily staying appellants' lawsuits against the State of Montana and BNSF while the Bankruptcy Court addresses the underlying injunction motions (the "Stay Order").[1] Whether or not the Stay Order is valid has nothing to do with whether the Bankruptcy Court may issue the underlying injunctions sought by Grace. The bottom line here, is that the Libby Claimants cannot use this appeal as a Trojan horse to present this Court with the merits of the underlying injunction motions before the Bankruptcy Court addresses those issues in the first instance.

The sole issue before this Court is one that the Court has already decided: whether the Bankruptcy Court has the authority to enter the Stay Order. As this Court recognized in the Libby Claimants' prior appeal regarding the same issue, it is "entirely appropriate" for the Bankruptcy Court to enter such an order.[2] Thus, for the reasons explained below, the Stay Order should be sustained. However, even if the Stay Order was inappropriate, the upshot is not that this Court should proceed to address the merits of the underlying injunction motions, but instead that the matter should be returned to the Bankruptcy Court.

---

[1] Amended Order Regarding Motions to Expand Preliminary Injunction [Adv. Pro. D.I. 466].

[2] 4/25/06 Hr'g Tr. [Dist Crt. App. D.I. 27] at 11:7-11.

## STATEMENT OF JURISDICTION

As explained in Grace's motion to dismiss (filed concurrently herewith), Grace believes that this Court lacks jurisdiction over this appeal under 28 U.S.C. § 158, which governs appeals from bankruptcy courts to district courts, and that 28 U.S.C. § 1292(a)(1) does not apply.

## STATEMENT OF THE ISSUE

The sole issue before this Court is whether the Bankruptcy Court abused its discretion by entering a temporary stay to give itself "breathing room" to preserve the status quo while addressing the merits of the underlying injunction motions.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

The factual and legal background for this appeal is set forth in the Debtors' motion to dismiss, and will be repeated only briefly here.

The Libby Claimants are plaintiffs in several lawsuits against the State of Montana and Burlington Northern Santa Fe Railroad ("BNSF") involving alleged injuries relating to Grace's operation of a mine in Libby, Montana. Although Grace is not a named defendant in most of the Libby Claimants' lawsuits, those lawsuits necessarily challenge Grace's conduct, and the prosecution of those lawsuits will have a deleterious effect on Grace. Accordingly, Grace filed motions in its own bankruptcy proceeding seeking to expand the injunction covering lawsuits against Grace to include appellants' Grace-based lawsuits against the State of Montana (the "Montana Injunction Motion") and BNSF (the "BNSF Injunction Motion").[3]

---

[3] Debtors' Motion to Expand Preliminary Injunction to Include Actions Against the State of Montana dated Aug. 22, 2005 [Adv. Pro. D.I. 359]; Debtors' Motion to Expand Preliminary Injunction to Include Actions Against BNSF dated March 26, 2006 [Adv. Pro. D.I. 398].

On April 26, 2007, the Bankruptcy Court issued a decision denying the Montana Injunction Motion (the "Montana Injunction Denial Order").[4]  The Debtors and the State of Montana subsequently filed motions for reconsideration (the "Reconsideration Motions").[5]  The Bankruptcy Court held a hearing on the Reconsideration Motions and the BNSF Injunction Motion (collectively, the "Injunction Motions") on May 21, 2007, but did not resolve the issues. Rather, at the conclusion of that hearing, the Bankruptcy Court indicated that it would take the Injunction Motions under advisement and then orally entered a temporary stay pending its ruling on the underlying motions.  That temporary stay was further addressed at a hearing on July 23, 2007.[6]  On August 29, 2007, the Bankruptcy Court entered the Stay Order, which provided the following:

> ORDERED that pending the Court's ruling on the Injunction Motions, all actions commenced against the State of Montana and/or BNSF that arise out of alleged exposure to asbestos indirectly or directly caused by the Debtors (the "Montana Actions"), shall be temporarily stayed pending the Court's ruling on the Injunction Motions

[Adv. Pro. D.I. 466].  The Libby Claimants now appeal entry of the Stay Order.

---

[4] Order dated April 26, 2007 [Adv. Pro. D.I. 419].  Reported as *W. R. Grace & Co. v. Chakarian (In re W. R. Grace & Co.)*, 366 B.R. 295 (Bankr. D. Del. 2007).

[5] *See* Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Adv. Pro. D.I. 427]; State of Montana's Motion for Reconsideration of Court's Opinion and order Denying Debtors' Motion for Expansion of Preliminary Injunction [Adv. Pro. D.I. 426].

[6] *See* 7/23/07 Hr'g Tr. [Bank. Case D.I. 16445] at 97:24-98:9 ("I really have not been looking at this either as a temporary restraining order or as a preliminary injunction.  I've really been looking at this as simply a stay of litigation not under Rule 65 standards but more under 105 standards for that reason until I have an opportunity to take a look at the opinion and the reconsideration motions that have been filed, and I think it is still appropriate to keep that stay in place.")

## ARGUMENT

I.    **The Temporary Stay Order Is Valid.**

    A.    **The Stay Order Is Not A Temporary Restraining Order,
So The Time Limitation On Such Orders Does Not Apply.**

The Libby Claimants argue that the temporary stay entered by the Bankruptcy Court is invalid because it lasted more than 20 days, and a temporary restraining order ("TRO") cannot last longer than 20 days. *See* Libby Claimants Br. at 12-16. That argument is a *non sequitur*. The Bankruptcy Court did not grant a TRO. As this Court recognized in the Libby Claimants' prior appeal, such an order is not a TRO and is within the court's authority to enter. *See* 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 8:24-25 ("You are not here, in my opinion, appealing a temporary TRO."). Thus, the procedural restrictions on TROs set forth in Rule 65(b) simply do not apply.

Alternatively, the Libby Claimants attempt to characterize the Stay Order as a preliminary injunction. *See* Libby Claimants Br. at 12-16. The Libby Claimants' position is not surprising given their misplaced reliance on 28 U.S.C. § 1292(a)(1) -- a TRO is not appealable under 28 U.S.C. § 1292(a)(1), whereas a preliminary injunction is appealable under that provision. However, this Court has rejected the Libby Claimants' previous attempt to characterize such a stay order as a preliminary injunction:

> MR. COHN: That this appeal is properly before this Court. What we are dealing with is an injunction. The judge stayed all activity in the State Court litigation in Montana. So, we are as dead out there as we would be if she gave us a piece of paper that was headed preliminary injunction.
>
> THE COURT: Yes, but it's really hard to call it an injunction. What it is is a stay, and it does create a problem for you, there is no doubt about that, and the basis for appealing it to me would be if I thought it was, you know, unduly burdensome to you in some way I would certainly listen to the arguments here and try to fashion a remedy.

4

MR. COHN: I --

THE COURT:  But, I don't think it's a -- I don't think it's an injunction.  So, that having been said, let's talk about the practicality in effect.  She has put a stay on here, and hasn't set a date as to when this -- she is going to resolve the underlying issue

MR. COHN: Correct, Your Honor, and --

THE COURT: -- in the underlying case.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 4:17-5:13.  Accordingly, the Stay Order is neither a TRO nor a preliminary injunction.

Even if the Stay Order were a preliminary injunction, the Libby Claimants' argument rests on the mistaken assumption that if the Stay Order does not meet the procedural requirements for a TRO, then it cannot meet the procedural requirements for a preliminary injunction.  *See* Libby Claimants' Br. at 12-16.  Congress imposed a 20-day time limit on TROs -- but not on preliminary injunctions -- precisely because TROs are unappealable, and because they are often issued *ex parte* and "without notice."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438 (1974).  Thus, it makes sense that TROs are subject to different procedural requirements than preliminary injunctions, and are of sharply limited duration.[7]  It simply does not follow that an appealable preliminary injunction is subject to the same requirements and time limitations as an unappealable TRO.  To the contrary, as the leading treatise notes, preliminary injunctions "***normally*** last[] until the completion of the trial on the merits."  *Id.* (emphasis added).

Finally, this Court also found that appeals of injunctions issued by the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158(a) and not 28 U.S.C. § 1292(a)(1):

---

[7] *See* 11A Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2947 at 125-26 (2d ed. 1995) ("[C]are should be taken to distinguish preliminary injunctions under Rule 65(a) from temporary restraining orders under Rule 65(b).  The latter may be issued *ex parte* without an adversary hearing . . . and [is] of limited duration.").

MR. LANDAU: I do think that the first question before you really is, you know, what is your basis for hearing this appeal, and the other side has suggested that it's 1292, which is the basis --

THE COURT: No, I don't agree with that at all.

MR. LANDAU: Okay

THE COURT: So, you don't have to argue that.

4/15/06 Hr'g Tr.  [Dist. Crt. App. D.I. 27]  at  12:1-9;  *see also  In re W. R. Grace &  Co.,* 2006 WL 1313190 (D. Del. May 10, 2006) (dismissing Libby Claimants' prior appeal for failure to meet requirements of 28 U.S.C. § 158(a)).  Thus, even if the Stay Order were considered a preliminary injunction, it is not appealable without leave of this Court under 28 U.S.C. § 158(a)(3). *See* Motion to Dismiss Appeal filed concurrently herewith.

**B.      There Is Nothing Improper About The Bankruptcy Court Allowing**
**For "Breathing Room" To Preserve The Status Quo Pending The Resolution**
**Of The Injunction Motions.**

The Libby Claimants argue that a busy court may not issue a stay to preserve the status quo pending resolution of the merits of an underlying injunction motion.  However, even if the Stay Order is characterized as a preliminary injunction, its issuance was appropriate because the very purpose of a preliminary injunction is to preserve the status quo to allow just such "breathing room."  *See Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 813 (3d Cir. 1989) ("[P]reservation of the status quo represents *the goal* of preliminary injunctive relief in any litigation.") (internal quotation omitted; emphasis added).  An order staying further litigation is "appropriate whenever the policy of preserving the court's power to decide the case effectively outweighs the risk of imposing an interim restraint before it has done so."  *Id.* at 813-14.  Indeed, the "most compelling reason" in favor of issuing a preliminary injunction is the one given by the Bankruptcy Court here -- the need to "prevent the judicial process from being rendered futile" by a party's action or inaction.  *Id.* at 813 (internal quotation omitted).

The Libby Claimants also argue that the Bankruptcy Court cannot enter a temporary stay while it reconsiders the Montana Injunction Denial Order because that order found their to be no jurisdictions to enter an injunction. *See* Libby Claimants' Br. at 2-3. The Libby Claimants simply ignore the fact that the Montana Injunction Denial Order is being reconsidered by the Bankruptcy Court because the jurisdictional finding is alleged to be contrary to Third Circuit precedent governing jurisdiction of the very same Injunction the Debtors sought to expand to include actions against the State of Montana.[8]

The Libby Claimants' argument proves too much: under the Libby Claimants' reasoning, a court could never reconsider its ruling that jurisdiction was lacking in a matter. As with any order, the Bankruptcy Court is free to reconsider its ruling and should not be bound to such rulings during reconsideration. Rule 59(e) of the Federal Rules of Civil Procedure grants bankruptcy courts license to reconsider orders and judgments after their entry. *See* Fed. R. Civ. P. 59(e) (made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure); *see also Meyer v. Lenox (In re Lenox),* 902 F.2d 737, 739-40 (9th Cir. 1990) ("[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders."); *In re Renaissance Stone Works, L.L.C.,* 2007 WL 2428658, *4 (Bankr. E.D. Mich. Aug. 28, 2007) ("Generally, bankruptcy courts have inherent power, and authority under 11 U.S.C. § 105(a), independent of any authority under Fed. R. Civ. P. 60(b), sua sponte to reconsider, modify or vacate orders it previously entered.");

---

[8] *See* Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Adv. Pro. D.I. 427]; State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction [Adv. Pro. D.I. 426].

*In re Blutrich Herman & Miller*, 227 B.R. 53, 60 (Bankr. S.D.N.Y. 1998) ("Notwithstanding the usual jurisprudence under Rule 60(b), it is also well established that bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate previously-entered orders unless intervening rights have vested in the interim in reliance on those orders."). Indeed, if the Bankruptcy Court did not enter the Stay Order, then Libby Claimants could have argued that the Montana Injunction Denial Order can not be reconsidered because they relied upon the decision. Thus, the Stay Order was necessary to preserve the status quo and allow the Bankruptcy Court the opportunity to reconsider the Montana Injunction Denial Order.

## II.      Even If The Stay Order Were Invalid, This Court Should Not Consider The Merits Of The Underlying Injunction Motions.

Even if this Court were to conclude, notwithstanding all of the above, that the Stay Order is invalid, the proper outcome would not be to address the merits of the underlying Injunction Motions, but to send the issue back to the Bankruptcy Court. Thus, the bulk of the Libby Claimants' brief, where they challenge a hypothetical Bankruptcy Court decision granting the Injunction Motions, is irrelevant and premature.

### A.      This Court May Not "Review" An Order That Does Not Exist.

Appellate courts "axiomatically . . . decline to pass on issues not decided by the lower court." *Strozyk v. Norfolk Southern Corp.*, 358 F.3d 268, 277 (3d Cir. 2004) (citation omitted); *id.* ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Here, the Bankruptcy Court did not reach the merits of the Injunction Motions but expressly withheld judgment on that score. *See* Stay Order (temporarily staying disputed actions "pending the Court's ruling on the Injunction Motions").

This appeal is thus nothing more than an attempt to get this Court, sitting in its appellate capacity in bankruptcy, to consider the Injunctions Motions in the first instance. As this Court previously recognized, the Libby Claimants cannot use an appeal for such a purpose:

> MR. LANDAU:    I guess our point then, and it sounds like Your Honor may have already -- may agree with us on this, is that they certainly can't use their -- their grievance with the breathing room stay to try and get Your Honor in the first instance, to resolve the underlying injunction.
>
> THE COURT:    I agree with that, too, yes.

4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 13:7-13. If and when the Bankruptcy Court were to grant the proposed injunctions, the Libby Claimants would then be free to seek whatever review is appropriate at that time.

### B.    If the Court Concludes that the Stay Order was Inappropriate, the Stay Should Still Be Left Intact Until The Bankruptcy Court Reviews the Matter.

Finally, even if this Court were to conclude that the Stay Order is inappropriate and send the matter back to the Bankruptcy Court, it does not necessarily follow that this Court should vacate the Stay Order in the meantime. To the contrary, "it is prudent to maintain the status quo pending the district court's reconsideration of its injunction ruling." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 424 (4th Cir. 1999) (leaving "the injunction intact pending the district court's decision").[9] To the extent that the Third Circuit's *Educational Testing*

---

[9] *See also Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 81 (2d Cir. 2005) ("[R]emand[ing] the case to the district court for further proceedings and leav[ing] the preliminary injunction in place."); *United States v. Hovsepian*, 359 F.3d 1144, 1157 (9th Cir. 2004) ("We leave the injunction in place, however, pending the conclusion of all proceedings in this case, in aid of the court's jurisdiction."); *United States v. Cohen*, 152 F.3d 321, 326 (4th Cir. 1998) (leaving defective injunction order intact on remand to permit further fact-findings); *Viacom Inc. v. Ingram Enters. Inc.*, 141 F.3d 886, 892 (8th Cir. 1998) ("[L]eav[ing] the injunction in place as a preliminary injunction, without prejudice to the district court revisiting the issue on remand."); *Rosen v. Siegel*, 106 F.3d 28, 33 (2d Cir. 1997) (same); *United States v. Marine Shale Processors*, 81 F.3d 1329, 1361 (5th Cir. 1996) ("We hold in place the injunctions and the conditions issued below and REMAND to allow the district court to exercise its discretion regarding their maintenance and for entry of explicit findings and conclusions."); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 814 (5th Cir. 1989) (leaving the

(Continued...)

*Services v. Katzman*, decision suggests that a reviewing court has no discretion to leave a procedurally defective preliminary injunction in place, 793 F.2d 533, 546-47 (3d Cir. 1986), that decision is distinguishable, because it is expressly based on "the congressional purpose of affording prompt review of preliminary injunction orders expressed in 28 U.S.C. § 1292(a)," *id.* at 547, which by its plain terms does not apply to appeals from bankruptcy courts to district courts.

The equities weigh in favor of allowing the Bankruptcy Court to address any procedural infirmity in the Stay Order in the first instance. Vacating the Stay Order at this point would leave Grace vulnerable to the very injury that the Bankruptcy Court sought to prevent. *See Marine Shale Processors*, 81 F.3d at 1360 ("We have discretionary power to leave the injunction in place, with or without the stay, while requesting the district court to issue a supplemental opinion.") (citation omitted); *United States v. Microsoft Corp.*, 147 F.3d 935, 944 (D.C. Cir. 1998) ("Appellate courts have ... on occasion allowed a procedurally flawed injunction to remain in place pending a proper hearing on remand if the equities support such a disposition."). Without the temporary stay, appellants would be free to pursue their Grace-based claims, potentially mooting any future injunction in favor of Grace. *See id.* at 944-45. ("Silence at this stage would risk considerable waste of litigative resources.").

This Court may, of course, modify the Bankruptcy Court's temporary stay so that it expires within a reasonable time period, and/or remand with directions for the Bankruptcy Court to resolve the merits of the underlying Injunction Motions within that time. *See, e.g., TEC Eng'g*

---

"preliminary injunction in place on the condition that the district court issue a supplementary opinion"); *Inverness Corp. v. Whitehall Laboratories*, 819 F.2d 48, 51 (2d Cir. 1987) ("We leave the preliminary injunction intact until the [lower] court has had the opportunity to spell out its decision"); *cf. Polaroid Corp. v. Disney*, 862 F.2d 987, 1006 (3d Cir. 1988) ("[R]emand[ing] with instructions that the court preliminarily enjoin Shamrock's tender offer ... until such time as the district court makes a final determination as to the appropriateness of an injunction.").

*Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 546 (1st Cir. 1996) (leaving the preliminary injunction in place as modified to expire two months from the issuance of the court's mandate); *Allied Mktg.*, 878 F.2d at 814 (leaving the "preliminary injunction in place on the condition that the district court issue a supplementary opinion making the findings of fact and conclusions of law required by this opinion not later than two months after the issuance of this court's mandate"); *Rolo v. General Dev. Corp.*, 949 F.2d 695, 704 (3d Cir. 1991) (remanding with "instructions to entertain promptly the Rolos's motion for a preliminary injunction"); *Inverness Corp.*, 819 F.2d at 51 (leaving the "preliminary injunction intact until the district court has had the opportunity to spell out its decision -- a chore which, of course, we expect it to undertake with alacrity -- as it would be inequitable to punish Inverness for the district court's failure to make specific findings").

## CONCLUSION

For the foregoing reasons, as well as those set forth in Grace's motion to dismiss, this Court should dismiss the appeal for lack of jurisdiction, or, in the alternative, affirm the Stay Order.

Dated: November 13, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL  60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

Christopher Landau
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000

- and -

PACHULSKI, STANG, ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

*Co-Counsel for Appellees*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| _____ | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I, Timothy P. Cairns, hereby certify that on the 13th day of November, 2007, I

caused a copy of the following document to be served on the individuals on the attached service

list in the manner indicated:

**APPELLEES' BRIEF**

Timothy P. Cairns (Bar No. 4228)

W. R. Grace & Co. et al.
Appeal Service List
Case No. 07-cv-00609
Document Number: 132779
15 – Hand Delivery
14 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE  19801

*Hand Delivery*
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

*Hand Delivery*
(Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Maryland Casualty Company)
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Personal Injury Claimants)
Marla R. Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, 3rd Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Property Damage Claimants)
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Equity Committee)
Teresa K. D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE  19801

**Hand Delivery**
(Counsel to Libby Plaintiffs)
Adam G. Landis, Esquire
Kerri Mumford, Esquire
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE 19801

**Hand Delivery**
Ellen W. Slights
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

**Hand Delivery**
(Counsel to the State of Montana)
Francis A. Monaco, Jr., Esquire
Kevin Mangan, Esquire
Womble, Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

**Hand Delivery**
(Counsel for BNSF Railway Company)
Evelyn Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899

**Hand Delivery**
(Counsel for Royal Indemnity Company)
Ian Connor Bifferato, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

**Hand Delivery**
(Counsel to David T. Austern, Future
Claimant's Representative)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

**First Class Mail**
(Counsel to Libby Plaintiffs)
Jon L. Heberling, Esquire
John F. Lacey, Esquire
McGarvey, Heberling, Sullivan
& McGarvey, P.C.
745 South Main
Kalispell, MT 59904

**First Class Mail**
(Counsel to Debtors)
David M. Bernick, P.C.
Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

**First Class Mail**
(Debtors)
Mark Shelnitz
W. R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**First Class Mail**
(Counsel to Official Committee of
Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

**First Class Mail**
(Counsel to Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Counsel to Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Equity Committee)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
(Counsel to Personal Injury Claimants)
Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ  07102-3889

*First Class Mail*
(Counsel to DIP Lender)
David S. Heller, Esquire
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606

*First Class Mail*
(Counsel to Libby Claimants)
Daniel C. Cohn, Esquire
Christopher M. Candon, Esquire
Cohn & Whitesell LLP
101 Arch Street
Boston, MA  02110

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706

*First Class Mail*
(Counsel for State of Montana)
Dale R. Cockrell, Esquire
Christensen, Moore, Cockrell, Cummings
& Azelberg, P.C.
P.O. Box 7370
Kalispell, MT 59903

*First Class Mail*
(Counsel to BNSF Railway Company)
Edward C. Toole, Jr., Esquire
Anne Marie Aaronson, Esquire
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103