**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771<br><br>Jointly Administered |
| Libby Claimants,<br><br>Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>Appellees. | 1:07-cv-00609<br>Hon. Ronald L. Buckwalter<br>United States District Judge<br><br>RE: D.I. 7 |

**LIBBY CLAIMANTS' OPPOSITION TO**
**MOTION OF W.R. GRACE TO DISMISS APPEAL**

Claimants injured by exposure to asbestos from Grace's operations in and near Lincoln County, Montana (the "Libby Claimants"),[1] hereby respond to the Motion of W.R. Grace to Dismiss Appeal dated November 13, 2007 (the "Motion to Dismiss"). While Libby Claimants suffer without the 24-hour care that they need, Grace seeks the dismissal of the Libby Claimants' appeal from an order of the Bankruptcy Court (the "Stay Order") enjoining them from prosecuting their tort claims (the "State Litigation") against the State of Montana (the "State") and their tort claims (the "BNSF Litigation") against the BNSF Railway Company and certain

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Bankr. Case D.I. 17337] filed in the bankruptcy case (Case No. 01-01139 (JFK)), as it may be amended and restated from time to time.

affiliates ("BNSF").[2] The Motion to Dismiss should be denied because the Stay Order is appealable to this Court as of right as a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). Alternatively, the Libby Claimants respectfully request that this Court grant leave for this appeal to proceed on the basis that justice requires immediate review of the Stay Order.

**BACKGROUND**

Since the procedural history of this matter is set forth in detail in the Libby Claimants' opening brief,[3] a summary will be sufficient here.

The Libby Claimants, Grace and the State appeared before this Court in April 2006. Four months earlier, the Bankruptcy Court had issued a "temporary stay" of litigation by the Libby Claimants against the State in the state courts of Montana for the announced purpose of permitting the court to determine whether to grant Grace's motion to preliminarily enjoin the State Litigation.[4] The Libby Claimants appealed to this Court on the basis that a "temporary stay" exceeding the permissible ten (extendable to 20) day duration of a temporary restraining under under Fed. R. Civ. P. 65 is reviewable as a preliminary injunction—or, alternatively, that this Court should grant leave for an interlocutory appeal—and the stay should be vacated because the bankruptcy court lacked subject matter jurisdiction to enjoin the State Litigation.[5] This Court's decision of May 10, 2006 rejected the Libby Claimants' position that the stay was reviewable as of right under 28 U.S.C. § 1292(a)(1), and then stated:

---

[2] [Adversary Proc. D.I. 466.] Items designated by the Libby Claimants, the State, and Grace to be included in the record are from the main bankruptcy case, the bankruptcy adversary proceeding, and the previous appeal to this Court (Docket No. 1:06-CV-26). Accordingly, cites to the record indicate whether the docket reference is from the main bankruptcy case "[Bankr. Case D.I. ___]," the bankruptcy adversary proceeding "[Adversary Proc. D.I. ___]," or the prior appeal to this Court "[Dist. Crt. App. D.I. ___]."

[3] Libby Claimants' Brief at pp. 6-12.

[4] [Adversary Proc. D.I. 376.]

[5] [Dist. Crt. App. D.I. 5 and 22.]

> The Court believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case. However, the Court thinks the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance. Therefore, the Court exercises jurisdiction under 28 U.S.C. § 158(a)(3) for the limited purpose of addressing the indefiniteness of the Bankruptcy Court's stay order. A time frame in which the Bankruptcy Court will render its decision on the Debtors' motion to expand the preliminary injunction to include actions against the State of Montana would be appropriate in light of the indefinite stay order presently in place. However, the Bankruptcy Court is, in the first instance, best suited to determine that time frame.

W.R. Grace v. Libby Claimants (In re W.R. Grace & Co.), 2006 WL 1313190, *1 (D. Del. 2006).[6] Accordingly, this Court remanded the matter to the Bankruptcy Court so that it could "advise the parties of a specific date on or before which it expects to render its decision on Debtors' motion to expand the preliminary injunction." Id.

There have been three significant developments since that time:

- The Bankruptcy Court ignored this Court's directive and never provided the parties with a date upon which it would decide the State Injunction Motion. The Bankruptcy Court did not render its decision for more than 11 months after this Court's order—16 months from the entry of the initial stay order.
- When finally rendered, the Bankruptcy Court's decision (the "Injunction Denial Decision") fully vindicated the Libby Claimants' position that the Bankruptcy Court lacked subject matter jurisdiction to enjoin the State Litigation.[7]
- Grace and the State moved for reconsideration of the Injunction Denial

[6] [Dist. Crt. App. D.I. 26.]

[7] [Adversary Proc. D.I. 419.] Reported as W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.), 366 B.R. 295 (Bankr. D. Del. 2007).

Decision,[8] *whereupon the Bankruptcy Court imposed a new "temporary stay"*[9] for the stated purpose of providing time to rule on those motions together with a request by Grace for yet another preliminary injunction, this time to enjoin the Libby Claimants' state court claims against BNSF[10]—a request that BNSF itself has said the Bankruptcy Court lacks jurisdiction to grant.[11]

The new Stay Order, which is the subject of this appeal, enjoins both the State Litigation and the BNSF Litigation. The Bankruptcy Court has not ruled on the motions for reconsideration or Grace's motion to enjoin the BNSF Litigation, nor given any indication of any date by which it will do so. In the meantime, Libby Claimants struggle for precious air, and are not receiving the 24-hour care they need.[12] The injunction blocks the Libby Claimants' actions to obtain the care they need. When enjoined, the State Litigation had reached the point where the State's motion to dismiss had been denied and the cases remanded for trial. When enjoined, the BNSF Litigation had reached the point where cases were being scheduled for trial; indeed, the first of these cases would have gone to trial this month. Grace's bankruptcy is approaching

---

[8] Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana. [Adversary Proc. D.I. 427.]; State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered on April 16, 2007. [Adversary Proc. D.I. 426.]

[9] [Adversary Proc. D.I. 466.]

[10] Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF. [Adversary Proc. D.I. 398.]

[11] BNSF Railway Company's Response to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF. [Adversary Proc. D. I. 413.]; Motion of BNSF for Leave to File a Reply (I) In Further Support of Its Motion for Clarification of the Scope of the Preliminary Injunction, or In the Alternative, for Relief From the Preliminary Injunction and (II) In Further Opposition to the Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF. [Adversary Proc. D. I. 438.]; BNSF Railway Company's Joinder in Libby Claimants' Motion to Alter or Amend the Court's Modified Order Regarding the Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF [Adversary Proc. D. I. 461.]

[12] See Affidavit of Dr. C. Brad Black, ¶ 7 [Adversary Proc. D.I. 417].

its seventh anniversary with no end in sight. The Libby Claimants' litigation against the State and BNSF represents their only near-term hope for the care they desperately need.

## ARGUMENT

The Motion to Dismiss should be denied because (a) the Stay Order, no matter how characterized by the bankruptcy judge, constitutes a preliminary injunction because it has lasted longer than the maximum of 20 days permitted by Fed. R. Civ. P. 65(b), see Sampson v. Murray, 415 U.S. 61, 86-88 (1974); Nutrasweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689 (3d Cir. 1997), and (b) a preliminary injunction entered by a bankruptcy court is immediately reviewable by this Court pursuant to 28 U.S.C. § 1292(a)(1). Even if this Court concludes, as it did in the earlier appeal, that the Stay Order is an interlocutory order that requires leave to appeal under 28 U.S.C. § 158(a)(3), leave should be granted and the Motion to Dismiss should be denied, because the issues presented by the Stay Order warrant this Court's immediate review.

### I. The Stay Order is a Preliminary Injunction

This Court is referred to the opening and reply briefs of the Libby Claimants for their full argument that the Stay Order—like any stay in an injunction proceeding that extends beyond the ten or 20-day duration permitted by Fed. R. Civ. P. 65—is treated as a preliminary injunction for purposes of appellate review.[13] This Court declined to accept that argument in May 2006. Since then, there has been no new authority. This is not surprising since the Libby Claimants' position is based on long-standing Supreme Court and Third Circuit decisions. Experience provides an even more important development. As Oliver Wendell Holmes, Jr. observed, "The life of the law has not been logic; it has been experience."[14] Experience has now demonstrated

[13] Libby Claimants' Brief at pp. 12-16; Libby Claimants' Reply Brief at pp. 2-3.

[14] O. Holmes, The Common Law 1 (1881).

that the Bankruptcy Court's use of a "temporary stay" of indefinite duration presents the very danger of which the Supreme Court warned in Sampson, 415 U.S. at 86-87: that if a court "were able to shield its orders from appellate review merely by designating them as temporary restraining orders, rather than as preliminary injunctions, [the court] would have virtually unlimited authority over the parties in an injunctive proceeding." It has now been almost two years since the Bankruptcy Court first stayed the State Litigation.[15] For that period, the Libby Claimants have been barred from pursuing the State Litigation through a series of "temporary stays," with no end in sight *even though the Bankruptcy Court itself has ruled that subject matter jurisdiction does not exist for an injunction to be issued.*

The time has come for this Court to recognize that the procedural scheme adopted by Congress in the form of Rule 65 does not recognize any category of stay in injunction proceedings that is not a temporary restraining order or a preliminary injunction. Sampson, 415 U.S. at 86-88; Nutrasweet, 112 F.3d at 692.

## II. The Stay Order Is Appealable As Of Right to this Court

As an injunction, the Stay Order is appealable by the Libby Claimants to this Court as of right pursuant to 28 U.S.C. § 1292(a)(1). Sections of Title 28 must be read together. See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992). Section 158(c)(2) makes Section 1292(a)(1) applicable to the appellate process described in Section 158(a)(3). This analysis of Sections 158(a)(3), 158(c)(2) and 1292(a)(1) has been adopted by district courts in this Circuit and approved by the Third Circuit Court of Appeals. See Honig v. Broege (In re Midstate Mortgage Investors Group, L.P.), 2006 WL 3308585, *3-4 (D. N.J. 2006); In re Prof'l Ins. Mgmt., 246 B.R. 47, 59 (D. N.J. 2000), vacated and remanded on other grounds, 285 F.3d 268 (3d Cir. 2002); In re Reliance Acceptance Group, Inc., 235 B.R. 548, 553 (D. Del. 1999);

[15] [Bankr. Case D.I. 11473, 203:8.]

D'Avella, Jr. v. City of Newburgh (In re Bertoli), 1987 WL 8196, *4 (D. N.J. 1987); see also In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 n.16 (3d Cir. 2002) (approval of District Court's analysis of appellate jurisdiction).

In Midstate Mortgage, the district court recently affirmed that Section 158(c) makes Section 1292(a) applicable to the appellate process described in Section 158(a). "Thus, where the orders entered in the bankruptcy court are in the form of injunctive relief, the district court, sitting as an appellate court, is authorized under Section 1292(a) to hear the appeal without the need to resort to discretion to grant leave to appeal." Midstate Mortgage, 2006 WL 3308585, *3-4.

Similarly, in Prof'l Ins. Mgmt., the district court concluded jurisdiction existed over the appeal pursuant to Sections 158(c)(2) and 1292(a)(1), without the need to resort to discretion to grant leave to appeal, because "an injunction, whether permanent or preliminary, is appealable." Prof'l Ins. Mgmt., 246 B.R. at 59. The Third Circuit explicitly approved the district court's analysis, explaining: "[W]e agree that the District Court, sitting as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)(1) . . . ." Prof'l Ins. Mgmt., 285 F.3d at 282 n.16.

Likewise, this Court has also concluded that bankruptcy injunctions are appealable as of right pursuant to 28 U.S.C. § 1292(a)(1). Reliance Acceptance, 235 B.R. at 553. In Reliance Acceptance, which involved an appeal to this Court from a bankruptcy court's injunction, this Court explained the interplay of the jurisdictional statutes:

> 28 U.S.C. § 158(a) governs the court's jurisdiction to review orders of the bankruptcy court. It provides that district courts have jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Section 158(c)(2) provides that "[a]n appeal under subsection (a) ... of this section shall be

> taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...."
>
> 28 U.S.C. § 1292(a) governs appeals from the district courts to the courts of appeals and provides that a party has an appeal as of right to the court of appeals from a district court order granting a preliminary injunction. Carson v. American Brands, Inc., 450 U.S. 79 (1981). Cf. 11 Wright & Miller, Federal Practice and Procedure § 3923 ("An order that prohibits a party from pursuing litigation in another court is unquestionably an injunction for purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1).").
>
> Consequently, the court looks to sections 158(c)(2) and 1292(a) to find the defendants have a right to appeal to this court at this time the Bankruptcy Court's preliminary injunction order.

Reliance Acceptance, 235 B.R. at 553. Similar analysis was employed by the district court in the Bertoli case. Bertoli, 1987 WL 8196, *4. In that case, the court found that an appeal from a bankruptcy preliminary injunction was subject to an immediate appeal. Id. Looking to Sections 158(a), 158(c), and 1292(a)(1), the court concluded that an appeal of an injunction is "an appeal of right and that the court is duty bound to hear and decide the issues presented." Id. See also Carol Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.), Civil Action No. 02-1549: Memorandum Opinion, pp. 1-2 (D. Del. July 16, 2003) (Wolin, J.)[16] ("the court has jurisdiction over this case pursuant to 28 U.S.C. § 1292(a)(1) in the exercise of its jurisdiction over interlocutory orders with respect to injunctions."),[17] vacated by 115 Fed.Appx. 565 (3d Cir. 2004).

Courts outside of the Third Circuit have similarly concluded that bankruptcy court orders regarding injunctions are appealable as of right. See Official Comm. of Unsecured Creditors of

[16] [Adversary Proc. D.I. 154.]

[17] Ironically, in Gerard (an appeal originating out of the same bankruptcy adversary proceeding as this appeal, raising similar jurisdictional issues, in which both Grace and the Libby Claimants participated), Grace argued in its brief before this Court that 28 U.S.C. § 1292(a)(1) provided the district court with jurisdiction of appeals concerning bankruptcy court injunctions. Gerard, Civil Action No. 02-1549: Brief of Appellees. The district court agreed. Gerard, Civil Action No. 02-1549: Memorandum Opinion, pp. 1-2.

Indust. Ceramics, Inc. v. Indus. Ceramics. Inc., 252 B.R. 296, 301-02 (W.D.N.Y. 2000) (recognizing that preliminary injunctions issued by bankruptcy court are appealable as of right to district court, but finding that order on appeal was not an injunction); La Habra Products, Inc. v. Patio Indus. (In re Patio Indus.), 220 B.R. 672, 676 (C.D. Cal. 1996) (granting appeal as of right under section 1292(a)(1) for review of bankruptcy court injunction); Internal Revenue Serv. v. Ernst & Young, Inc. (In re Petition of Ernst & Young, Inc.), 135 B.R. 517, 520-21 (S.D. Ohio 1991) ("the application of Section 1292(a) to bankruptcy [cases] makes bankruptcy injunctions appealable" as of right). See also Sarah R. Neuman Found., Inc. v. Garrity (In re Neuman), 81 B.R. 796, 801-02 and n.5 (S.D.N.Y. 1998) (permitting appeal from bankruptcy court injunction).

Injunctions issued by bankruptcy courts are no different from injunctions issued by district courts. Both can be equally serious, with irreparable consequences. Certainly, "[a]s a policy matter, the rulings of a non-Article III bankruptcy court should not be more insulated from appellate review than the rulings of an Article III district court." Clark v. Sanders (In re Reserve Prod., Inc.) 190 B.R. 287, 290 (E.D. Tex. 1995). The only cases Grace cites that support its position are decisions from courts in the Second Circuit that directly contravene the established precedent in this Circuit. Accordingly, just as the district courts in Prof'l Ins. Mgmt., Midstate Mortgage, Reliance Acceptance, and Bertoli and courts outside of the Third Circuit have found that bankruptcy court orders regarding injunctions are appealable as of right, this Court should similarly conclude that the Stay Order is appealable as of right.

In sum, the Stay Order constitutes a preliminary injunction that is immediately appealable to this Court pursuant to 28 U.S.C. § 1292(a)(1). The appeal is properly before this Court, and the Motion to Dismiss should be denied.

### III. If this Court Concludes that the Stay Order is Not Appealable by the Libby Claimants as of Right, Leave to Proceed with an Interlocutory Appeal should be Granted under 28 U.S.C. § 158(a)

If this Court concludes that the Stay Order is not appealable by the Libby Claimants as of right pursuant to 28 U.S.C. § 1292(a)(1), leave to proceed with an interlocutory appeal should be granted under 28 U.S.C. § 158(a). This Court has jurisdiction to hear appeals of interlocutory orders through exercise of its discretion to grant a party leave to appeal. 28 U.S.C. § 158(a)(3). Since this provision provides no standard to assess whether leave to appeal is appropriate, courts in the Third Circuit have imported the criteria of 28 U.S.C. § 1292(b) – governing appeals of interlocutory orders from district courts – to determine whether to accept an appeal from an interlocutory order of a bankruptcy court. See Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Group, Inc.), 209 B.R. 832, 837 (D. Del. 1997); In re Delaware & Hudson Ry. Co., 96 B.R. 469, 472 (D. Del. 1989). Under this test, an interlocutory appeal should be allowed if: "(1) a controlling question of law is involved; (2) the question is one where there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." Marvel Entm't, 209 B.R. at 837. In essence, the appellant must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." Delaware & Hudson, 96 B.R. at 473.

In the prior appeal before this Court concerning the stay of just the State Litigation, this Court exercised jurisdiction under 28 U.S.C. § 158(a)(3) because "the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance."[18] To address its concern, this Court ordered the Bankruptcy Court to inform the parties of the specific date it

[18] [Dist. Crt. App. D.I. 26.]

would render a decision on the State Injunction Motion.[19] The Libby Claimants doubt that the Court anticipated that the Bankruptcy Court would ignore its May 2006 order and that the matter would still be unresolved 18 months later. If exceptional circumstances loomed in May 2006, they most certainly exist now. Not only has it been two years since the Bankruptcy Court first stayed the State Litigation, but the Bankruptcy Court itself has ruled that it lacked jurisdiction to do so. Without recognizing established law and without recognizing the harm to the Libby Claimants, the Bankruptcy Court has continued in effect a "temporary stay" of the State Litigation.

Exceptional circumstances also exist because the Bankruptcy Court has started down the same road in respect of the BNSF Litigation. Grace moved for a preliminary injunction of the BNSF Litigation, the Libby Claimants objected on the same bases (primarily, lack of subject matter jurisdiction) as in the case of the State Litigation, and the Stay Order now embodies a stay, of indefinite duration, of the BNSF Litigation as well as the State Litigation. The BNSF Litigation has been stayed for 6 months with, once again, no end in sight. Unless this Court accepts jurisdiction over this appeal, the abuse to which the Libby Claimants have been subjected by reason of illegal, indeterminate and unreasonably lengthy stays will continue.

In sum, this appeal presents the exceptional circumstances that justify interlocutory review—indeed, require interlocutory review in order to avoid severe injustice. The three criteria of Marvel Entm't and Delaware & Hudson are met as well: (1) The Stay Order involves a controlling question of law concerning application of Fed. R. Civ. P. 65 and subject matter jurisdiction under 28 U.S.C. § 1334(b). (2) Substantial grounds exist for differing opinions to arise on these issues. (3) An immediate appeal of this issue will advance the termination of the

---

[19] [Id.]

State Litigation and BNSF Litigation by permitting these lawsuits to reach trial or settlement without further interruption.

At the hearing before this Court on the prior appeal, more than 19 months ago, this Court was rightly concerned to prevent a stay of the State Litigation from being "unduly burdensome."[20] There can be no doubt that the Stay Order is unduly burdensome to the Libby Claimants. Since the Bankruptcy Court enjoined the State Litigation in December 2005, 14 Libby Claimants have died of asbestos-related disease.[21] As has been shown in affidavits[22] and reports by Dr. Alan C. Whitehouse,[23] the Stay Order causes continuing, irreparable harm to the Libby Claimants. Many require oxygen. The Grace Medical Plan refuses to pay for the 24-hour end stage care, and home assistance that the Libby Claimants need.[24] The Libby Claimants and their families continue to suffer every single day while the Stay Order compounds their distress by preventing their pursuit of the nearest term sources of 24-hour care: the State and BNSF. It is in this Court's power to permit the State Litigation and the BNSF Litigation to go forward. That power should be exercised.

---

[20] [Dist. Crt. App. D.I. 27, 5:2.]

[21] [Adversary Proc. D.I. 459, Ex. B.]

[22] [Adversary Proc. D.I. 363 and 417.]

[23] [Adversary Proc. D.I. 459, Exs. A and B.]

[24] [Adversary Proc. D.I. 417.]

## CONCLUSION

The Motion to Dismiss should be denied. The appeal should go forward without further delay, and the Stay Order should be vacated forthwith.[25]

Dated: December 3, 2007
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford

Adam G. Landis (No. 3407)
Kerri Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
mumford@lrclaw.com

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN & WHITESELL LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679
Email: cohn@cwg11.com
candon@cwg11.com

*Counsel to the Libby Claimants*

[25] The appeal has been fully briefed. At the hearing on the earlier appeal, this Court questioned the utility of oral argument since the issues had been thoroughly presented in the papers. [Dist. Crt. App. D.I. 27, 14:21 – 15:7.] If the Court takes a similar view of the Motion to Dismiss and of the appeal itself, the Libby Claimants are willing to dispense with oral argument, especially given their paramount concern for a decision that is speedy as well as just.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771<br><br>Jointly Administered |
| Libby Claimants,<br><br>Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>Appellees. | 1:07-cv-00609<br>Hon. Ronald L. Buckwalter<br>United States District Judge |

**AFFIDAVIT OF SERVICE**

STATE OF DELAWARE )
) SS
NEW CASTLE COUNTY )

Cathy A. Adams, being duly sworn according to law, deposes and says that she is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the Libby Claimants in the above-referenced cases, and on the 3rd day of December, 2007, a copy of the following

**LIBBY CLAIMANTS' OPPOSITION TO**
**MOTION OF W.R. GRACE TO DISMISS APPEAL**

was caused to be served upon the parties on the attached list in the manner as indicated.

Cathy A. Adams

SWORN TO AND SUBSCRIBED before me this 3rd day of December, 2007.

Notary Public

JOAN M. HOFMANN
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Dec. 15, 2008

**Libby Claimants, *et al.* v. W.R. Grace & Co., *et al.***
**Civil Action No. 07-609**

**District Court Appeal**
**Service List**

**Via First Class Mail**
(Counsel to W.R. Grace & Co., *et al.*)
David M. Bernick, P.C.
Janet S. Baer, Esq.
Lori Sinanyan, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

**Via Electronic Notification**
(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899

**Via First Class Mail**
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)
Peter Van N. Lockwood, Esq.
Nathan D. Finch, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

**Via Electronic Notification**
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)
Marla Rosoff Eskin, Esq.
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 King Street, 3rd Floor
Wilmington, DE 19801

**Via First Class Mail**
(Counsel to the Official Committee of Asbestos Personal Injury Claimants)
Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**Via Electronic Notification**
Evelyn J. Meltzer, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE 19899-1709
(Counsel to BNSF Railway Company)

**Via First Class Mail**
Edward C. Toole, Jr., Esq.
Anne Marie Aaronson, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(Counsel to BNSF Railway Company)

**Via Electronic Notification**
(Counsel to the State of Montana)
Francis A. Monaco, Jr., Esq.
Kevin J. Mangan, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

**Via First Class Mail**
(Counsel to the Libby Claimants)
Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
Cohn & Whitesell LLP
101 Arch Street
Boston, MA 02110