IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771<br><br>Jointly Administered |
| Libby Claimants,<br><br>　　　　　　　Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>　　　　　　　Appellees. | 1:07-cv-00609<br>Hon. Ronald L. Buckwalter<br>United States District Judge |

**APPELLANTS' REPLY BRIEF**

Adam G. Landis (No. 3407)　　　　　Daniel C. Cohn
Kerri K. Mumford (No. 4186)　　　　Christopher M. Candon
Landis Rath & Cobb LLP　　　　　　Cohn Whitesell & Goldberg LLP
919 Market Street, Suite 600　　　　101 Arch Street
P.O. Box 2087　　　　　　　　　　Boston, MA 02110
Wilmington, DE 19801　　　　　　　(617) 951-2505
(302) 467-4400

December 3, 2007

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................1

# TABLE OF AUTHORITIES

**Cases**

Carol Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.),
115 Fed.Appx. 565 (3d Cir. 2004) ..................................................................................4

Educational Testing Services v. Katzman, 793 F.2d 533 (3d Cir. 1986) ........................5

In re Ben Franklin Hotel Assocs., 186 F.3d 301 (3d Cir. 1999) ......................................3

In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2004) ..............................2, 4

In re Federal-Mogul Global, Inc., 282 B.R. 301 (D. Del.), mandamus denied,
300 F.3d 368 (3d Cir. 2002), cert. denied sub nom.
Daimler Chrysler Corp. v. Official Comm. of Asbestos Claimants, 537 U.S. 1148 (2003) ...........4

Nutrasweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689 (3d Cir. 1997) ....................3

Orr v. State of Montana, 106 P.3d 100 (Mont. 2004) .....................................................6

Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806 (3d Cir. 1989) .................................3

Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984) .......................................................4

Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n,
306 F.2d 840 (2d Cir. 1962) ............................................................................................2

Sampson v. Murray, 415 U.S. 61 (1974) .........................................................................3

Stetson v. Howard D. Wolf & Assocs., 955 F.2d 847 (2d Cir. 1992) .............................4

**Statutes**

11 U.S.C. § 362(a) ..........................................................................................................5

11 U.S.C. § 524(g) ..........................................................................................................2

28 U.S.C. § 1292(a) ........................................................................................................5

Fed. R. Civ. P. 65 ........................................................................................................1, 3

## ARGUMENT

Almost six months since the Bankruptcy Court improperly enjoined the BNSF Litigation[1] and nearly two years since it improperly enjoined the State Litigation, Grace and the State have again filed briefs evincing a strategy to prolong the unwarranted delay rather than even attempting to defend the appropriateness of the Stay Order. Without any sense of irony, Grace and the State argue that the Bankruptcy Court should be granted more "breathing room" to decide the merits of the Motions for Reconsideration and the BNSF Injunction Motion – this while many of the Libby Claimants are on oxygen, struggling for each breath they take, and deprived of the end-stage care that they desperately need.

Since the Bankruptcy Court enjoined the State Litigation in December 2005, 14 Libby Claimants have died of asbestos-related disease.[2] If these matters had been adjudicated in conformity with the Fed. R. Civ. P. 65, many of the cases against the State would have gone to trial or settled, and there would likely have been additional settlements with BNSF as well. Not only has Grace's bankruptcy case languished for more than six years, but this same paralysis has been unjustly extended to litigation that would otherwise have reached a conclusion—most likely with humane results—in the courts of Montana. The unconscionable harm suffered by the Libby Claimants demonstrates why Rule 65 imposes hard-and-fast deadlines for injunction requests to be determined on the merits. It is past time for those deadlines to be enforced.

In its opening brief, Grace addresses the balance of harms.[3] Grace claims "vacating the

---

[1] All capitalized terms are used in accordance with the definitions provided to them in the Appellants' Brief, which was filed with this Court on October 25, 2007.

[2] [Adversary Proc. D.I. 459, Ex. B.]

[3] Grace Brief at pp. 10-11.

Stay Order ... would leave Grace vulnerable" in the State Litigation and BNSF Litigation.[4] As a matter of law, Grace cannot be harmed in the Montana state court litigation. In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2004); see also Libby Claimants' Brief at pp 18-28. In stark contrast, the Libby Claimants are at this moment, and continuously, suffering extreme hardship. Libby Claimants are dying of asbestos disease, struggling for precious air, and they are not receiving the 24-hour care they need.[5] The Grace Medical Plan plainly refuses to pay for it.[6] The harm is extreme. The Libby Claimants need to have their state court remedy restored against defendants who could never obtain a Section 524(g) injunction in Bankruptcy Court.

The Libby Claimants reply to the appellees' briefs as follows:

1. Grace and the State have offered this Court no authority for the permissibility under federal court jurisprudence of a new category of stay order that is "neither a temporary restraining order nor a permanent injunction."[7] The need to be filled by this new type of stay order—providing time for the court to decide the merits of the injunction—is precisely what courts have recognized as the purpose of a temporary restraining order: "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n., 306 F.2d 840, 842-43 (2d Cir. 1962). The Supreme Court has ruled that there is no new type of stay order in injunction proceedings that escapes the time restrictions of

---

[4] Id.

[5] See Affidavit of Dr. C. Brad Black, ¶ 7 [Adversary Proc. D.I. 417.]

[6] Id.

[7] Grace Brief at p. 5; see also State Brief at p. 4.

2

Rule 65. <u>Sampson v. Murray</u>, 415 U.S. 61, 86-88 (1974)(no matter how denominated by the court, a restraining order that extends beyond the time permitted under Rule 65(b) acts as a preliminary injunction); <u>Nutrasweet Co. v. Vit-Mar Enterprises, Inc.</u>, 112 F.3d 689 (3d Cir. 1997)(same). Tellingly, Grace and the State fail to address <u>Sampson</u> and <u>Nutrasweet</u> in their respective briefs. Grace's efforts at avoidance notwithstanding, the Bankruptcy Court's order is a preliminary injunction. The legal effect of such definition is clear, and no imaginary new category of stay in injunction proceedings from Grace can change that.

2. Grace's reliance on the <u>Ortho Pharm.</u> decision[8] is misplaced because in that case, the traditional prerequisites for the entry of a preliminary injunction were found by the lower court to exist. <u>Ortho Pharm.</u>, 882 F.2d at 809. The Bankruptcy Court made no such determination in this instance before enjoining the State Litigation and BNSF Litigation.[9]

3. Contrary to Grace's assertions otherwise,[10] this Court may consider the full merits of the appeal. The Libby Claimants assert that the record before the Bankruptcy Court cannot support either related-to jurisdiction or the merits of the requested injunction. See <u>In re Ben Franklin Hotel Assocs.</u>, 186 F.3d 301, 306 (3d Cir. 1999) ("Because the record has been sufficiently developed for us to resolve this legal issue, we need not remand to the

---

[8] <u>Ortho Pharm. Corp. v. Amgen, Inc.</u>, 882 F.2d 806, 813 (3d Cir. 1989). <u>See</u> Grace Brief at p. 6.

[9] <u>Ortho Pharm.</u> is distinguishable from the case at hand for another reason as well. In <u>Ortho Pharm.</u>, the injunction stayed matters in the instant case from proceeding pending arbitration between the same parties. <u>Ortho Pharm.</u>, 882 F.2d at 813. Here, the injunction enjoins the State Litigation and BNSF Litigation from proceeding against non-debtor third parties.

[10] Grace Brief at pp. 8-11.

District Court to consider it in the first instance."); see also <u>Stetson v. Howard D. Wolf & Assocs.</u>, 955 F.2d 847, 850-51 (2d Cir. 1992) ("An appellate court has the power to decide cases on appeal if the facts in the record adequately support the proper result."). Since the Bankruptcy Court took *sub judice* the question whether there is jurisdiction and, if so, grounds to issue the injunction sought by Grace, the record is sufficient for this Court to reach the same issue. Grace declined to offer any testimony, or even affidavits, in support of the requested injunctions, so the usual considerations regarding a trial court's evaluation of evidence do not apply.

4. Only the State makes any attempt to defend Grace's requested injunctions on the merits. By arguing that this Court should follow the Third Circuit's expressly non-precedential decision in <u>Gerard</u>[11] instead of the Third Circuit's precedential decisions in <u>Pacor</u>,[12] <u>Federal-Mogul</u>[13] and <u>Combustion Engineering</u>,[14] the State effectively concedes that the Bankruptcy Court's lack of jurisdiction to enjoin the State Litigation is firmly established by the precedential decisions. Indeed, the Bankruptcy Court so held in its own April 2007 decision. With the weight of authority so clearly against the requested injunctions, this Court should rule on the merits that the Bankruptcy Court lacks jurisdiction to enjoin the State Litigation and the BNSF Litigation.

---

[11] <u>Carol Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.)</u>, 115 Fed.Appx. 565 (3d Cir. 2004).

[12] <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3d Cir. 1984).

[13] <u>In re Federal-Mogul Global, Inc.</u>, 282 B.R. 301 (D. Del.), <u>mandamus denied</u>, 300 F.3d 368 (3d Cir. 2002), <u>cert. denied sub nom. Daimler Chrysler Corp. v. Official Comm. of Asbestos Claimants</u>, 537 U.S. 1148 (2003).

[14] <u>Combustion Engineering</u>, 391 F.3d 190.

5. If this Court chooses to remand to the Bankruptcy Court, it may do so only after vacating the Stay Order. Educational Testing Services v. Katzman, 793 F.2d 533, 546-47 (3d Cir. 1986) (a reviewing court has no discretion to leave a defective preliminary injunction in place). In arguing to the contrary, Grace offers no explanation why this Court should consider decisions from other circuits that directly contravene established Third Circuit precedent in the form of the Educational Testing decision. Grace attempts to distinguish Educational Testing from the present case on the grounds that Educational Testing "is expressly based on 'the congressional purpose of affording prompt review of preliminary injunction orders expressed in 28 U.S.C. § 1292(a)' . . . which by its plain terms does not apply to appeals from bankruptcy courts to district courts."[15] This is a non-sequitur. Why would the absence of a Congressional purpose to afford prompt review of bankruptcy court injunctions (a premise that the Libby Claimants strongly dispute[16]) argue for leaving in place an injunction that the District Court determined to be invalid? If District Court review were long delayed, wouldn't justice require that the invalid injunction be vacated?

6. The Stay Order contravenes the traditional purpose and requirements for an injunction. Although Grace and the State have argued that the Stay Order preserves the status quo,[17] in fact the Bankruptcy Court's stay orders have radically altered the status quo. The State Litigation and the BNSF Litigation were not barred by the automatic stay[18] nor by the

---

[15] See Grace Brief at p. 10 (quoting Educational Testing, 793 F.2d at 547).

[16] See Libby Claimants' Opposition to Motion of W.R. Grace to Dismiss Appeal at pp. 5-9.

[17] See Grace Brief at p. 6; State Brief at p. 3.

[18] See 11 U.S.C. § 362(a) (barring only litigation against the debtor).

preliminary injunction entered by the Bankruptcy Court shortly after Grace's Chapter 11 filing.[19] Even after Grace entered bankruptcy, the State Litigation and the BNSF Litigation proceeded for years uninterrupted by and without involvement of Grace. At long last, the Libby Claimants—having defeated the State's motion to dismiss[20] and having obtained trial dates against BNSF—are on the verge of obtaining justice from the State and BNSF. Delaying their day in court has severe consequences for the Libby Claimants. No court order can stay their struggle for precious air to breathe. They continue to suffer and die without the 24-hour care that they need and deserve. Whether this Court reaches the merits or remands to the Bankruptcy Court, justice requires that the Stay Order be vacated immediately.

---

[19] [Adversary Proc. D.I. 87.]

[20] Orr v. State of Montana, 106 P.3d 100 (Mont. 2004).

| | |
|---|---|
| Dated: December 3, 2007<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kerri Mumford*<br>Adam G. Landis (No. 3407)<br>Kerri Mumford (No. 4186)<br>919 Market Street, Suite 600<br>P.O. Box 2087<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>       mumford@lrclaw.com<br><br>- and -<br><br>Daniel C. Cohn<br>Christopher M. Candon<br>**COHN & WHITESELL LLP**<br>101 Arch Street<br>Boston, MA  02110<br>Telephone: (617) 951-2505<br>Facsimile: (617) 951-0679<br>Email: cohn@cwg11.com<br>       candon@cwg11.com<br><br>*Counsel to the Libby Claimants* |

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>           Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Adv. Proc. No. 01-771<br><br>Jointly Administered |
| Libby Claimants,<br><br>           Appellants,<br><br>v.<br><br>W.R. Grace & Co., *et al.*,<br><br>           Appellees. | 1:07-cv-00609<br>Hon. Ronald L. Buckwalter<br>United States District Judge |

**AFFIDAVIT OF SERVICE**

STATE OF DELAWARE    )
                                  ) SS
NEW CASTLE COUNTY  )

      Cathy A. Adams, being duly sworn according to law, deposes and says that she is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the Libby Claimants in the above-referenced cases, and on the 3rd day of December, 2007, a copy of the following

**APPELLANTS' REPLY BRIEF**

was caused to be served upon the parties on the attached list in the manner as indicated.

                                                          Cathy A. Adams

SWORN TO AND SUBSCRIBED before me this 3rd day of December, 2007.

                                                   Notary Public
                                                  MARY M. McATEER
                                                  NOTARY PUBLIC
                                                  STATE OF DELAWARE
                                           My commission expires Nov. 19, 2011

393.001-18337.DOC

**Libby Claimants, *et al.* v. W.R. Grace & Co., *et al.*** 
Civil Action No. 07-609

**District Court Appeal** 
**Service List**

**Via Electronic Notification** 
(Counsel to Debtors and Debtors in Possession) 
Laura Davis Jones, Esq. 
James E. O'Neill, Esq. 
Pachulski Stang Ziehl & Jones LLP 
919 North Market Street, 17th Floor 
P.O. Box 8705 
Wilmington, DE 19899

**Via Electronic Notification** 
(Counsel to the Official Committee of 
Asbestos Personal Injury Claimants) 
Marla Rosoff Eskin, Esq. 
Mark T. Hurford, Esq. 
Campbell & Levine, LLC 
800 King Street, 3rd Floor 
Wilmington, DE 19801

**Via Electronic Notification** 
Evelyn J. Meltzer, Esq. 
Pepper Hamilton LLP 
Hercules Plaza, Suite 5100 
1313 Market Street 
PO Box 1709 
Wilmington, DE 19899-1709 
(Counsel to BNSF Railway Company)

**Via Electronic Notification** 
(Counsel to the State of Montana) 
Francis A. Monaco, Jr., Esq. 
Kevin J. Mangan, Esq. 
Womble Carlyle Sandridge & Rice, PLLC 
222 Delaware Avenue, Suite 1501 
Wilmington, DE  19801

**Via First Class Mail** 
(Counsel to W.R. Grace & Co., *et al.*) 
David M. Bernick, P.C. 
Janet S. Baer, Esq. 
Lori Sinanyan, Esq. 
Kirkland & Ellis LLP 
200 East Randolph Drive 
Chicago, IL  60601

**Via First Class Mail** 
(Counsel to the Official Committee of 
Asbestos Personal Injury Claimants) 
Peter Van N. Lockwood, Esq. 
Nathan D. Finch, Esq. 
Caplin & Drysdale, Chartered 
One Thomas Circle, N.W. 
Washington, DC 20005

**Via First Class Mail** 
(Counsel to the Official Committee of 
Asbestos Personal Injury Claimants) 
Elihu Inselbuch, Esq. 
Caplin & Drysdale, Chartered 
375 Park Avenue, 35th Floor 
New York, NY 10152-3500

**Via First Class Mail** 
Edward C. Toole, Jr., Esq. 
Anne Marie Aaronson, Esq. 
Pepper Hamilton LLP 
3000 Two Logan Square 
18th & Arch Streets 
Philadelphia, PA 19103 
(Counsel to BNSF Railway Company)

**Via First Class Mail** 
(Counsel to the Libby Claimants) 
Daniel C. Cohn, Esq. 
Christopher M. Candon, Esq. 
Cohn & Whitesell LLP 
101 Arch Street 
Boston, MA  02110