IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | 1:07-cv-00609 |
| W.R. GRACE & CO., *et al.*, | ) | Hon. Ronald L. Buckwalter |
| | ) | United States District Judge |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| Libby Claimants, *et al.*, | ) | Appeal from United States |
| | ) | Bankruptcy Court for the |
| Appellants, | ) | District of Delaware |
| v. | ) | |
| | ) | Chapter 11 |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01--1139 |
| | ) | Adv. Proc. No. 01-771 |
| Appellees. | ) | Hon. Judith K. Fitzgerald |

**OPPOSITION OF BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY TO MOTION OF W.R. GRACE TO DISMISS APPEAL**

Burlington Northern Santa Fe Railway Company ("BNSF") opposes the Motion off W.R. Grace to Dismiss Appeal dated November 13, 2007 and joins the Libby Claimants' Opposition To Motion Of W.R. Grace To Dismiss Appeal (the "Libby Opposition") (Docket No. 11).

### BACKGROUND

BNSF and the Debtors[1], through their respective predecessors, are parties to certain contracts pursuant to which the Debtors have generally agreed to indemnify BNSF for any and all liability relating to the operation of the Debtors' mine in Lincoln County, Montana. In connection with those contracts, the Debtors were obligated to obtain policies of insurance naming BNSF as the insured. BNSF believes that the Debtors did in fact obtain such policies.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in Appellants' Brief, filed at Docket No. 6.

#9041823 v3

BNSF denies any liability to the Libby Claimants. With the exception of four cases, the State Litigation pending against BNSF (which includes hundreds of personal injury claims) was brought post-petition and does not name any of the Debtors as parties defendant, and instead, asserts claims relating to BNSF's operations in and around Lincoln County, Montana.

On March 26, 2007, the Debtors moved to expand the Preliminary Injunction that was previously entered in the Debtors' bankruptcy case to include the State Litigation against BNSF (the "Preliminary Injunction Matter"). On May 21, 2007, the Bankruptcy Court took the Preliminary Injunction Matter under advisement. On June 6, 2007, the Bankruptcy Court entered an order staying the State Litigation against BNSF pending its ruling on the Preliminary Injunction Matter, which order was subsequently modified as a result of a hearing held on July 23, 2007. At the July 23 hearing, the Court indicated that it would attempt to render an opinion resolving the Preliminary Injunction Matter quickly, but thought it appropriate to temporarily stay the State Litigation pending the issuance of that opinion. On August 29, 2007, the Court entered the Stay Order.

The Libby Claimants, appeal from the Stay Order.

While the Bankruptcy Court stated that the Stay Order is merely a temporary stay and not a "preliminary injunction", the stay has continued for sufficient time and has, in substance, operated as a preliminary injunction such that appellate review is appropriate. Nutrasweet Co. v. Fit-Mar Enterprises, Inc., 112 F.3d 689, 692-94 (3d Cir. 1997); In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 n. 16 (3d Cir. 2002); In re Reliance Acceptance Group, Inc., 235 B.R. 548, 553 (D.Del. 1999). At a minimum, if this Court finds that this appeal technically does not satisfy the conditions necessary for an interlocutory appeal of the Stay Order, as this Court determined in the prior appeal in this case, the indefinite nature of the Stay Order presents

exceptional circumstances justifying the exercise of jurisdiction under 28 U.S.C. § 158a)(3). W.R. Grace v. Libby Claimants (In re W.R. Grace & Co.), 2006 WL 1313190, *1 (D.Del. 2006).

## ARGUMENT

BNSF joins the argument depicted on pages 5 through 12 of the Libby Opposition and urges this Court to exercise jurisdiction over this appeal so that it may determine whether the Bankruptcy Court had subject matter jurisdiction to temporarily stay the State Litigation against BNSF and whether the Bankruptcy Court erred in staying the State Litigation against BNSF without finding that the Debtors satisfied the requirements for a preliminary injunction.

BNSF asserts that, as set forth in detail in Appellants' brief (Docket No. 6), the Stay Order constitutes a preliminary injunction entered in violation of Fed.R.Civ.P. 65(a); that the Bankruptcy Court lacked subject matter jurisdiction to enjoin the State Litigation against BNSF; and that the Stay Order was entered without the Debtors satisfying the requirements for the issuance of an injunction.

BNSF concurs with Appellants' observation that, under the relevant case law in this jurisdiction (and as set forth in detail on pages 18 to 25 of Appellants' Brief), the Bankruptcy Court lacked subject matter jurisdiction to stay the State Litigation against BNSF. See In re Combustion Engineering, Inc., 391 F.3d 190, 224-25 (3d Cir. 2004); In re Federal-Mogul Global, Inc., 282 B.R. 301 (D.Del.), mandamus denied, 300 F.3d 368 (3d Cir. 2002), cert. denied sub nom, Daimler Chrysler Corp. v. Official Comm. of Asbestos Claimants, 537 U.S. 1148 (2003).

Moreover, even assuming *arguendo* that the Bankruptcy Court had jurisdiction to enjoin the State Litigation against BNSF, entry of the Stay Order was improper because the Court failed to consider whether the requirements for an injunction had been met by the Debtors. In fact, the Debtors presented no evidence whatsoever to support the issuance of an injunction.

#9041823 v3

The Stay Order, while characterized as "temporary" by the court below, has been in effect for more than three months - there is no indication as to when it will be lifted.

Lack of jurisdiction over this appeal can only be found by exercising form over substance. By designating the Stay Order as a temporary stay, as opposed to a preliminary injunction, the Bankruptcy Court has effectively enjoined the State Litigation (over which it lacks subject matter jurisdiction) without requiring the Debtors to satisfy the requirements for the imposition of an injunction.

Accordingly, BNSF joins Appellants' argument that the Stay Order is, in substance, an injunction that is appealable to this Court as of right and that this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1292(a)(1). Moreover, as set forth in the Libby Opposition, the circumstances of the Stay Order are such that if this Court disagrees, at a minimum, there is sufficient justification for granting leave to appeal from the Stay Order pursuant to 28 U.S.C. § 158(a).

#9041823 v3

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied, the appeal should proceed, and the Stay Order appealed from should be vacated.

Dated: November 14, 2007  
Wilmington, DE

PEPPER HAMILTON LLP

/s/ Evelyn J. Meltzer
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE 19899-1709
Tel: (302) 777-6500
Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.
Anne Marie Aaronson
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (215) 981-4750

Counsel for BNSF Railway Company

#9041823 v3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Opposition Of Burlington Northern Santa Fe Railway Company To Motion Of W.R. Grace To Dismiss was served via first class mail, postage paid, on the individuals on the attached service list.

Dated: December 7, 2007

Wilmington, DE

PEPPER HAMILTON LLP

/s/ Evelyn J. Meltzer
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE 19899-1709
Tel: (302) 777-6500
Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.
Anne Marie Aaronson
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (215) 981-4750

Counsel for BNSF Railway Company

#9041823 v3

| | |
|---|---|
| Laura Davis Jones, Esquire<br>James E. O'Neil, Esquire<br>Pachulski Stang Ziehl Young & Jones LLP<br>919 N. Market Street<br>17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 | David M. Bernick, PC<br>Janet S. Baer, Esquire<br>Lori Sinanyan, Esquire<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| Peter Van N. Lockwood, Esquire<br>Nathan D. Finch, Esquire<br>Caplin & Drysdale, Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 | Marla Rosoff Eskin, Esquire<br>Mark T. Hurford, esquire<br>Campbell & Levine<br>800 North King Street<br>Suite 300<br>Wilmington, DE 19801 |
| Kevin J. Mangan, Esquire<br>Monzack & Monaco, PA<br>1201 Orange Street<br>Suite 400<br>Wilmington, DE 19801 | Elihu Inselbuch, Esquire<br>Rita Tobin, Esquire<br>Caplin & Drysdale, Chartered<br>375 Park Avenue<br>35th Floor<br>New York, NY 10152-3500 |
| Daniel C. Cohn, Esquire<br>Christopher M. Candon, Esquire<br>Cohn Whitesell & Goldberg, LLP<br>101 Arch Street<br>Boston, MA 02110 | Adam G. Landis, Esquire<br>Kerri King Mumford, Esquire<br>Landis Rath & Cobb LLP<br>919 Market Street, Suite 600<br>P.O. Box 2087<br>Wilmington, DE 19899 |