IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | |
| AND JOHN DOES 1-1000, | ) | Appeal from United States Bankruptcy |
| | ) | Court for the District of Delaware |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

**REPLY OF W.R. GRACE IN SUPPORT OF MOTION TO DISMISS APPEAL**

The most striking thing about Libby Claimants' opposition to Grace's motion to dismiss this appeal (Dkt. No. 11) is that they do not seriously contend that there is any basis for this Court to grant them leave to file this appeal under 28 U.S.C. § 158(a)(3); rather, they insist that they are entitled to an appeal "as of right" under 28 U.S.C. § 1292(a)(1). (Libby Claimants' Opp. at 6-9). That approach is not surprising because the Libby Claimants cannot possibly justify a discretionary interlocutory appeal of a temporary "breathing room" stay preserving the status quo while the Bankruptcy Court considers the merits of the Injunction Motions.[1] However, as discussed in Grace's Motion to Dismiss and this Court's prior decision regarding the same issue, this interlocutory appeal is governed by 28 U.S.C. §158(a)(3). Because the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion of W.R. Grace to Dismiss Appeal (Dkt. No. 7).

Libby Claimants can appeal the Stay Order only "with leave of the court," and they cannot (and have not tried to) justify such "leave," this Court should dismiss the appeal.[2]

A. **As this Court Has Held, The Stay Order is Not Appealable as of Right**

The Libby Claimants admit that this Court has rejected their arguments that the Stay Order is a preliminary injunction[3] and is reviewable as of right under 28 U.S.C. § 1292(a)(1).[4] Because the Libby Claimants simply rehash the same arguments, this Court should reach the same conclusion.[5]

The Libby Claimants again find themselves in the curious position of arguing that this Court's jurisdiction over this appeal is governed by 28 U.S.C. § 1292, which governs appeals from the district courts to the courts of appeals, rather than by 28 U.S.C. § 158(a), which governs appeals from the bankruptcy courts to the district courts.[6] They do not base that counter-intuitive position on any statutory language; indeed, they do not even quote the language of the relevant

---

[2] The opposition filed by BNSF on December 12, 2007 (Dkt. No. 13) merely recites the arguments in the Libby Claimants' Opposition. Thus, by responding to the Libby Claimant's Opposition, this reply also addresses the BNSF Opposition.

[3] Libby Claimants' Opp. at 5 (stating that "[t]his Court declined to accept that argument in May 2006" and that "[s]ince then, there has been no new authority").

[4] Libby Claimants' Opp. at 2 ("This Court's decision of May 10, 2006 rejected the Libby Claimants' position that the stay was reviewable as of right under 28 U.S.C. § 1292(a)(1) . . . .").

[5] For this reason, Grace agrees with the Libby Claimants that oral argument is not necessary (Libby Claimants' Opp. at 13 n.25).

[6] Section 1292(a)(1) of the Judicial Code grants "the courts of appeals" jurisdiction over certain appeals from "[i]nterlocutory orders of the district courts of the United States." Section 158 provides in pertinent part that:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a).

statutes. And for good reason: their position is contrary to the explicit statutory text. Instead, the Libby Claimants base their position entirely on caselaw purporting to apply the statutes.

As demonstrated in Grace's Motion to Dismiss, various Supreme Court and circuit court decisions -- including a long line of Third Circuit Court of Appeals cases -- recognize that district courts' jurisdiction over bankruptcy appeals are governed by 28 U.S.C. § 158(a), not § 1292. (Motion to Dismiss at 8-9).[7] The Libby Claimants do not dispute any of these cases cited in the Motion to Dismiss. Nor do the Libby Claimants dispute that the sole appellate authority they cite in support of their contrary position -- a footnote from *In re Professional Ins. Mgm't*, 285 F.3d 268, 282 n. 16 (3d Cir. 2002) -- is unsupported dicta and not binding on this Court. (Motion to Dismiss at 10).[8] Finally, the Libby Claimants make no attempt to deal with the Second Circuit's contrary **holding** that § 158(a)(3), not § 1292(a)(1), governs appeals from bankruptcy courts to district courts. *See In re Kassover*, 343 F.3d 91, 93-95 (2d Cir. 2003); *see also In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299-1300 (7th Cir. 1997) (same). Thus, appellate caselaw simply does not support the Libby Claimants' counter-intuitive and anti-textual position.

---

[7] *See generally Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992) ("Bankruptcy appeals are governed for the most part by § 158," except when taken from a district court to a court of appeals, in which case § 1292 also applies); *In re Resorts Int'l, Inc.*, 372 F.3d 154, 160 (3d Cir. 2004) ("The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158. We [the court of appeals] have jurisdiction under 28 U.S.C. § 1292(b)."); *Landon v. Hunt*, 977 F.2d 829, 830 (3d Cir. 1992) ("The district court jurisdiction is from 28 U.S.C. § 158(a). Our [court of appeals] jurisdiction is from 28 U.S.C. § 158(d), and 28 U.S.C. §§ 1291 and 1292."); *In re Pruitt*, 910 F.2d 1160, 1164 (3d Cir. 1990) ("Appeals from orders of a bankruptcy judge are governed by 28 U.S.C. § 158(a).")

[8] *See Kontrabecki v. Lehman Bros. Holdings, Inc.*, 2006 WL 249515, at *2 (N.D. Cal. Feb. 1, 2006) (noting that *Professional Insurance* is "dicta" on this point). Under settled Third Circuit law, *dicta* is not binding on this Court. *See, e.g., Ponnapula v. Ashcroft*, 373 F.3d 480, 488 n.5 (3d Cir. 2004); *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 355 (3d Cir. 2002); *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 568 (3d Cir. 2002); *South Camden Citizens in Action v. New Jersey Dep't of Envt'l Protection*, 274 F.3d 771, 784 (3d Cir. 2001).

The Libby Claimants ultimately base their position on a smattering of district court decisions invoking 28 U.S.C. § 1292(a)(1) to hear appeals from bankruptcy court injunctions (Libby Claimants' Opp. at 6-9). At most, those citations prove that the district courts are divided on this point: there are many more district court cases holding that 28 U.S.C. § 158(a)(3) provides the exclusive mechanism for appealing interlocutory bankruptcy court orders to the district court, and that 28 U.S.C. § 1292(a)(1) does not apply to such appeals.[9] However, the task here is not counting up the number of district courts on either side of the issue. That is not necessary. The only district court that counts -- *this one* -- has already ruled that this appeal is governed by 28 U.S.C. § 158(a).[10] And, the Third Circuit and other Circuit Courts have agreed.

The bottom line is that 28 U.S.C. § 158(a) does not contain a provision analogous to 28 U.S.C. § 1292(a)(1), which grants the circuit courts of appeals jurisdiction over appeals from interlocutory district court orders granting injunctions. Congress could have, but did not, include a provision analogous to § 1292(a)(1) in § 158(a). The Libby Claimants seek to rewrite the statute to do just that. With the sole exception of interlocutory orders increasing or reducing plan of reorganization exclusivity periods under 11 U.S.C. § 1121(d), Congress decided to vest the district courts with discretion over *all* appeals from interlocutory bankruptcy court orders. *See* 28 U.S.C. § 158(a)(3). Of course, a district court may exercise its discretion to hear an appeal where a bankruptcy court grants an injunction that would have been appealable as of right under § 1292(a)(1) if granted by the district court itself. However, as discussed below and in the

---

[9] *See, e.g., In re Quigley Co.*, 323 B.R. 70, 76-77 (S.D.N.Y. 2005); *In re Enron Corp.*, 316 B.R. 767, 770 (S.D.N.Y. 2004); *In re Johns-Manville Corp.*, 2004 WL 385118, at *1 (S.D.N.Y. Mar. 1, 2004); *In re Mirzai*, 271 B.R. 647, 651 & n.4 (C.D. Cal. 2001); *In re First Alliance Mortgage Co.*, 269 B.R. 424, 427 & n.6 (C.D. Cal. 2001); *In re First Alliance Mortgage Co.*, 264 B.R. 634, 644 & n.9 (C.D. Cal. 2001).

[10] *See In re W.R. Grace & Co.*, 2006 WL 1313190 (D. Del. May 10, 2006); 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 12:1-15.

Motion to Dismiss, Grace respectfully submits that this is not such a case. There is no sound basis for an interlocutory appeal under 28 U.S.C. § 158(a)(3) because all that is at issue is a temporary stay. The Bankruptcy Court *expressly withheld judgment* on whether to grant the requested injunctions. If and when the Bankruptcy Court grants the injunctions, the Libby Claimants are free to seek an appeal at that time.

B.   **The Libby Claimants Have Failed to Meet Their Burden of Demonstrating Grounds for Granting an Interlocutory Appeal Under 28 U.S.C. § 158(a)(3)**

The Libby Claimants also admit that this Court previously found that the conditions necessary for an interlocutory appeal of the Stay Order under 28 U.S.C. § 158(a)(3) are not present. (Libby Claimants' Opp. at 3).[11] As explained in the Motion to Dismiss, this Appeal should be denied under 28 U.S.C. § 158(a)(3) because the Libby Claimants cannot demonstrate that (a) exceptional circumstances exist for an appeal of the Stay Order, (b) the Stay Order involves a controlling question of law upon which there is substantial grounds for difference of opinion, and (c) an immediate appeal of the Stay Order will materially advance the ultimate termination of the litigation. (Motion to Dismiss at 13-14).

No exceptional circumstances exist to justify an interlocutory appeal because the Stay Order does not affect the merits of any actions -- it merely preserves the status quo while the Bankruptcy Court considers the Injunction Motions. The Libby Claimants' argument that exceptional circumstances exist because the Bankruptcy Court found that it lacked jurisdiction to enjoin actions against the State of Montana (Libby Claimants' Opp. at 3, 6, 11) ignores a critical fact: the Montana Injunction Denial Order is being reconsidered by the Bankruptcy Court because the jurisdictional finding is alleged to be contrary to Third Circuit precedent governing

---

[11] *See In re W.R. Grace & Co.*, 2006 WL 1313190.

jurisdiction of the very same Injunction that Grace sought to expand to include actions against the State of Montana.[12]

It is undisputed by the parties that district courts in this circuit look to 28 U.S.C. § 1292(b) for guidance in deciding whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3). Rather than meeting their burden of demonstrating these requirements, the Libby Claimants summarily assert that (1) "[t]he Stay Order involves a controlling question of law concerning application of Fed.R.Civ.P. 65 and subject matter jurisdiction under 28 U.S.C.§ 1334(b);" (2) "[s]ubstantial grounds exist for differing opinions to arise on these issues;" and (3) "an immediate appeal will advance the termination of the State Litigation and BNSF Litigation by permitting these lawsuits to reach trial or settlement without further interruption." (Libby Claimants' Opp. at 11-12). Not only have the Libby Claimants failed to even attempt to affirmatively demonstrate the requirements for leave to appeal, they have not disputed the arguments in the Motion to Dismiss which clearly demonstrate that the requirements cannot be met.

As demonstrated in the Motion to Dismiss, the Libby Claimants' summary assertions are unfounded. *First*, the Stay Order does not involve a controlling issue of law because the Bankruptcy Court did not address the merits of the underlying Injunction Motions -- it merely issued a temporary stay while it considered the motions. *Second*, the Libby Claimants have failed to identified *any* substantial grounds for differing opinions regarding the issue on appeal: whether the Bankruptcy Court can issue a "breathing room" stay to decide the underlying

---

[12] *See* Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Adv. Pro. D.I. 427]; State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction [Adv. Pro. D.I. 426].

Injunction Motions. Simply stating that "substantial grounds exist for differing opinions" is not sufficient.[13] Nor is it accurate -- as this Court has recognized, such an order is "entirely appropriate."[14] *Finally*, immediate appeal of the Stay Order will not materially advance ultimate termination of the litigation because the merits of the Injunction Motions would still need to be decided by the Bankruptcy Court even if the Libby Claimants prevailed on their appeal.

Accordingly, this appeal should be dismissed because the Libby Claimants' have failed to meet their burden of demonstrating the requirements for leave to appeal under 28 U.S.C. § 158(a)(3).

### C. The Merits of the Injunction Motions are Not Before this Court

Regardless of the foregoing jurisdictional issues, in no event is it either necessary or appropriate for this Court to address the merits of the Injunction Motions. As the Libby Claimants emphasize in their Opposition, "[t]he Bankruptcy Court has not ruled on the motions for reconsideration or Grace's motion to enjoin the BNSF Litigation . . . ." (Libby Claimants' Opp. at 4). In the Libby Claimant's prior appeal, this Court exercised its jurisdiction for the narrow purpose of directing the Bankruptcy Court to advise the parties as to when it expected to render a decision on the underlying motions.[15] To the extent the Court has similar concerns regarding the Stay Order, it should enter an order directing the Bankruptcy Court to set a date by which it will rule on the Injunction Motions. Thus, even if this Court were to exercise

---

[13] *See Burns v. Lavender Hill Herb Farm, Inc.*, 2005 WL 545288, *2 (E.D. Pa. 2005) ("Plaintiff's disagreement with the Court's logic, without citation to contrary authority, does not create a legally sufficient difference of opinion."); *General Refractories Co. v. Allstate Ins. Co.*, 1995 WL 71044, *1 (E.D. Pa. 1995) ("First, plaintiff fails to establish that there are substantial grounds for difference of opinion. Merely asserting such difference . . . does not satisfy the more stringent requirements of § 1292(b).")

[14] 4/25/06 Hr'g Tr. [Dist. Crt. App. D.I. 27] at 11:7-11.

[15] *See In re W.R. Grace & Co.*, 2006 WL 1313190.

jurisdiction over this Appeal, the proper outcome would not be to address the merits of the Injunction Motions in the first instance, but to have the Bankruptcy Court address the Stay Order's length while it decides the Injunction Motions.

WHEREFORE, for the foregoing reasons and those in the Motion to Dismiss, Grace respectfully request that this Court (1) dismiss the Appeal for lack of jurisdiction under 28 U.S.C. §158(a)(1) and (2) decline to grant appeal of an interlocutory order under 28 U.S.C. §158(a)(3).

Dated: December 13, 2007

>                                    KIRKLAND & ELLIS LLP
>                                    David M. Bernick, P.C.
>                                    Janet S. Baer
>                                    Salvatore F. Bianca
>                                    200 East Randolph Drive
>                                    Chicago, Illinois 60601
>                                    Telephone: (312) 861-2000
>                                    Facsimile: (312) 861-2200
>
>                                    - and -
>
>                                    PACHULSKI STANG YOUNG
>                                    & JONES LLP
>
>                                    /s/ James E. O'Neill
>                                    _____
>                                    Laura Davis Jones (Bar No. 2436)
>                                    James E. O'Neill (Bar No. 4042)
>                                    919 North Market Street, 16th Floor
>                                    P.O. Box 8705
>                                    Wilmington, Delaware 19899-8705 (Courier 19801)
>                                    Telephone: (302) 652-4100
>                                    Facsimile: (302) 652-4400
>
>                                    Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | No. 07-609 |
| | ) | Hon. Ronald L. Buckwalter |
| Debtors. | ) | United States District Judge |
| _____ | ) | |
| | ) | |
| MARGARET CHAKARIAN, et al., | ) | Appeal from United States Bankruptcy |
| AND JOHN DOES 1-1000, | ) | Court for the District of Delaware |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 01-01139 (Jointly Administered) |
| v. | ) | Adversary No. A-01-771 |
| | ) | Hon. Judith K. Fitzgerald |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| Appellees. | ) | |

**CERTIFICATE OF SERVICE**

I, James E. O'Neill, hereby certify that on the 13th day of December, 2007, I caused a copy of the following document to be served on the individuals on the attached service list(s) in the manner indicated:

**REPLY OF W.R. GRACE IN SUPPORT OF MOTION TO DISMISS APPEAL**

_____
James E. O'Neill (DE Bar No. 4042)

W. R. Grace & Co. et al.
Appeal Service List
Case No. 07-cv-00609
Document Number: 132779
15 – Hand Delivery
14 – First Class Mail


(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE  19801

*Hand Delivery*
Vito I. DiMaio
Parcels, Inc.
10th & King Streets
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

*Hand Delivery*
(Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Maryland Casualty Company)
Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Personal Injury Claimants)
Marla R. Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, 3rd Floor
Wilmington, DE  19801

*Hand Delivery*
(Counsel to The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Property Damage Claimants)
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Equity Committee)
Teresa K. D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE  19801

*Hand Delivery*
(Counsel to Libby Plaintiffs)
Adam G. Landis, Esquire
Kerri Mumford, Esquire
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE 19801

*Hand Delivery*
Ellen W. Slights
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

*Hand Delivery*
(Counsel to the State of Montana)
Francis A. Monaco, Jr., Esquire
Kevin Mangan, Esquire
Womble, Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
 Wilmington, DE 19801

*Hand Delivery*
(Counsel for BNSF Railway Company)
Evelyn Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Royal Indemnity Company)
Ian Connor Bifferato, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

*Hand Delivery*
(Counsel to David T. Austern, Future
Claimant's Representative)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

*First Class Mail*
(Counsel to Libby Plaintiffs)
Jon L. Heberling, Esquire
John F. Lacey, Esquire
McGarvey, Heberling, Sullivan
& McGarvey, P.C.
745 South Main
Kalispell, MT 59904

*First Class Mail*
(Counsel to Debtors)
David M. Bernick, P.C.
Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(Debtors)
Mark Shelnitz
W. R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Counsel to Personal Injury Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Counsel to Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Counsel to Equity Committee)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
(Counsel to Personal Injury Claimants)
Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
David S. Heller, Esquire
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

*First Class Mail*
(Counsel to Libby Claimants)
Daniel C. Cohn, Esquire
Christopher M. Candon, Esquire
Cohn & Whitesell LLP
101 Arch Street
Boston, MA 02110

*First Class Mail*
(Counsel to David T. Austern, Future Claimant's Representative)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

*First Class Mail*
(Counsel for State of Montana)
Dale R. Cockrell, Esquire
Christensen, Moore, Cockrell, Cummings & Azelberg, P.C.
P.O. Box 7370
Kalispell, MT 59903

*First Class Mail*
(Counsel to BNSF Railway Company)
Edward C. Toole, Jr., Esquire
Anne Marie Aaronson, Esquire
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103